

CARLOS EUGENE MANN
1325 Santa Diana Road, Unit 7
Chula Vista California 91913
(619) 547-8177
In Pro Per

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CARLOS EUGENE MANN;

        Plaintiff-Disabled

Veteran-Retiree,


   vs.


CITY OF CHULA VISTA; CHULA

VISTA POLICE DEPARTMENT,

OFFICER DOMINGUEZ, FEDERICO,

OFFICER MARTINEZ, Y.; and DOES

1 through 10, inclusive,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:   **'18 CV 2525 WQH MDD**

**COMPLAINT**
1. **VIOLATION OF CIVIL RIGHTS [42 USC § 1983; Cal. Unruh Civil Rights Act (Cal. Civ. Code § 51)]**
2. **FALSE IMPRISONMENT;**
3. **ASSAULT AND BATTERY;**
4. **NEGLIGENCE/NEGILGENT TRAINING/SUPERVISION**
5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**
7. **RACE DISCRIMINATION; and**
8. **DEFAMATION/LIBEL/SLANDER**

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE COURT:

To THE HONORABLE MAGISTRATE JUDGE:

TO THE DEFENDANTS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that now comes, CARLOS EUGENE MANN, Plaintiff

with this Complaint alleging as follows:

## JURISDICTION AND VENUE

1. This action is being brought under 42 U.S.C. § 1983.
   Plaintiff also asserts various state civil rights claims
   and tort violations. Jurisdiction over this action is
   conferred by 28 U.S.C. § 1331 (federal question) and
   § 1343(3) (civil rights). Plaintiff's state law claims for
   relief are within the supplemental jurisdiction of the
   Court pursuant to 28 U.S.C. § 1367(c).

2. Venue is proper in the United States District Court for the
   Southern District of California pursuant to 28 U.S.C. §
   1391(b), because the acts or omissions which give rise to
   Mr. MANN's claims occurred in the County of San Diego,
   California, located in the Southern District of California.
   Plaintiff is also, and at all relevant times was, residing
   in San Diego County, located in the Southern District of
   California. Plaintiff is, and at all times herein mentioned
   was, a resident of the State of California.

## PRELIMINARY ALLEGATIONS

3. Defendant THE CITY OF CHULA VISTA, provides law enforcement
   services in the CITY OF CHULA VISTA to the citizens of the
   CITY OF CHULA VISTA through the CHULA VISTA POLICE
   DEPARTMENT (CVPD).

4. Defendant, CHULA VISTA POLICE DEPARTMENT, is a public
   entity in the State of California. At all times herein
   mentioned, the CVPD employed, supervised, controlled,
   trained, controlled and directed its Police Officers
   Defendants OFFICER DOMINGUEZ and MARTINEZ.

5. Defendant OFFICER DOMINGUEZ, FEDERICO ("OFFICER DOMINGUEZ,
   FEDERICO") is an employee of the "CVPD" with Badge No.
   CV1086.

6. Defendant OFFICER MARTINEZ, Y. ("OFFICER MARTINEZ, Y.") is
   also an employee of the CVPD with Badge No. TBD. At all
   times herein mentioned, both individuals were officers of
   the CVPD.

7. Defendants DOES 1-10 are employees and/or servants of the
   CVPD, CITY OF CHULA VISTA and the State of California.

Complaint 2

8. The true names and capacities, whether corporate, associate, individual or otherwise, of Defendant DOES 1 through 10, inclusive, are unknown to plaintiff at this time. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same has been ascertained. Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein alleged and proximately caused and contributed to the injuries and damages to plaintiff as hereinafter alleged. Any subsequent reference to any named Defendant includes reference to said DOES 1 through 10, inclusive.

9. At all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of each other, and of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as agents, joint ventures', servants and/or employees.

10.    Plaintiff is informed and believes and thereon alleges that Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10, are employees of the CITY OF CHULA VISTA and/or the CHULA VISTA POLICE DEPARTMENT. Plaintiff is informed and believes and thereon alleges that in committing the acts and omissions alleged herein, Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10, were acting within the course and scope of their employment for the CITY OF CHULA VISTA and the CHULA VISTA POLICE DEPARTMENT.

11.    Plaintiff alleges that Defendants, and each of them, had a duty to use due care in their dealings with, and related to, Plaintiff. Plaintiff further alleges that in committing the acts and omissions alleged herein above, Defendants, and each of them, their agents, servants and employees, negligently and carelessly breached their duty of reasonable care legally owed to Plaintiff. Finally, Plaintiff alleges that the breach of the duty of care by Defendants, and each of them, their agents servants and employees, was the proximate or legal cause of the injuries and damages sustained by Plaintiff and alleged herein.

12.    Plaintiff asserts that the conduct of Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10 in wrongfully and negligently performed their duties as police officers when the unreasonably and unnecessarily detained Plaintiff, using excessive force, and was done with complete disregard of Plaintiff's constitutional rights.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.    On or about July 17, 2018, in compliance with California Government Tort Claims Act, Cal. Gov. Code §910, *et. seq.*, Plaintiff presented a claim for damages to the CITY OF CHULA VISTA for the injuries, disabilities, losses and damages suffered and incurred. Pursuant to the CITY OF CHULA VISTA Claims response. The CITY denied Plaintiff's Claim. Plaintiff's Claim is deemed denied by operation of law and he has exhausted his administrative remedies for suing public entities and employees in the State of California. (**EXHIBIT ONE**).

14.    As a proximate result of the negligent and intentional acts and omissions of Defendants, and each of them, Plaintiff sustained injury to his reputation, his body and health and was illegally denied his Constitutional rights by Defendants acting under color of law. Plaintiff sustained damages in an amount to be proven at the time of trial. As a further proximate result of the tortious conduct of Defendants, and each of them, Plaintiff was required to, and did, employ physicians to examine, treat, and care for him, and did incur, and continues to incur, medical and incidental expenses in an amount according to proof at the time of trial.

### FIRST CAUSE OF ACTION
**Violation of Civil Rights Under Color of State Law**
**[42 USC §1983; CAL. UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code § 51)]**
**(Against All Defendants and DOES 1-10)**

15.    This cause of action for deprivation of constitutional rights under color of law is brought pursuant to the federal statute entitled Title 42 USC §1983 and the California Unruh Civil Rights Act (Cal. Civ. Code § 51) for

remedies for the above-listed Defendants' deprivation of
Plaintiff's civil rights under color of law. By this
action, Plaintiff seeks all legal and equitable relief, to
which he may be entitled, including, but not limited to,
compensatory damages, attorneys' fees and costs, punitive
damages and pre-judgment interest.

16.    On or about June 26, 2018 at 12 a.m. Plaintiff
attempted to call the "CVPD", to his residence located at
1325 Santa Diana Road, Unit 7, Chula Vista California
91913, in order to rescue him from his assailant and for
the purpose of escorting the now former significant other
Ms. Maribel Contreras from his home because Ms. Contreras
had become extremely violent and physically attacked Mr.
Mann, disrupting his use and enjoyment of his home.

17.    Ms. Contreras became physically violent after she
without consent reviewed Mr. Mann's social media emails
through his cell phone. Ms. Contreras without consent took
a hold of Mr. Mann's cell phone by "snatching" with force
literally from his hands. Thus, quickly running into the
adjacent bathroom and throwing the cell phone into the
toilet. This action required Mr. Mann to retrieval the cell
phone from out the toilet.

18.    Things got worse for Mr. Mann, this is when Mr.
Contreras began to physically assaulted Mr. Mann thus,
pushing him against the bathroom wall causing him more
unwelcome severe pain throughout his back, neck and
shoulders. Mr. Mann could not escape the assault because
Ms. Contreras was blocking his exiting thereof.

19.    Despite, being in pain and suffering Mr. Mann
attempted to calm Ms. Contreras down but this act was to no
avail. This is when Ms. Contreras continued with her
assault by slapping Mr. Mann in the face. The event caused
Mr. Mann a moment of blindness.

20.    After his blindness went away, Mr. Mann was able to
escape his assailant and call CVDP. Despite, the escape Ms.
Contreras again attempted to prevent Mr. Mann from calling
for help, this is when she grabbed Mr. Mann's other phone
(e.g. The house phone), again from out of his hands. It was
at this juncture when Mr. Mann choice to defend himself
from out of fear and death, forcing himself to use non-

deadly force (e.g. an Arm Bar) against his assailant Ms. Contreras.

21.     Ms. Contreras violent behavior also consisted of, and was not limited to destroying Mr. Mann's property (e.g. his shirt) by completely tearing it off him on the subject day of the incident.

22.     Mr. Mann with the faith of god was able to dial 911. Thus, the 911 operator was required to make a return phone call because Ms. Contreras strengthen allowed her to hand up the phone during the attack. Despite this fact, Mr. Mann was allowed to report that he required emergency assistance. Once CVDP arrived at the scene, they began to take separate statements.

23.     None the less, it was Mr. Mann's noble and peaceful character that was placed in handcuffs, arrested and transported to the detention facility without OFFICER DOMINGUEZ documenting his damaged property.

24.     On June 26, 2018, the subject day of the incident, it was Defendants OFFICER DOMINGUEZ and MARTINEZ employees of "CVPD" acting under color of law, who deprived Plaintiff of his civil rights by intentionally, and/or with a deliberate indifference to Plaintiff's civil rights, made unprivileged and non-consensual physical contact with Plaintiff and/or otherwise failed to take any other reasonable measures to prevent/protect the Plaintiff from harm, and the unnecessary, lengthy, and unlawful detention that ensued.

25.     OFFICER DOMINGUEZ and MARTINEZ employees of CVPD were acting under color of law, and unlawfully held Plaintiff in custody without probably cause and consent.  Plaintiff was only attempting to enjoy the use of his home and retire to bed from a early busy day of showing his friends around the town.

26.     It was and/or should have been foreseeable that either Defendant OFFICER DOMINGUEZ or MARTINEZ would act unreasonably because they objectively failed to balance the risk over the utility that resulted in easily being able to obtained sufficient information they were seeking regarding Plaintiff without any use of force, from Ms. Contreras,

Instead, Defendants OFFICER DOMINGUEZ and MARTINEZ unlawfully applied an unreasonable and unnecessary amount of force upon Plaintiff and detained Plaintiff for an unreasonable amount of time. The detention of Plaintiff was malicious and sadistic and caused, and continues to cause, injury to Plaintiff including, but not limited to, physical injury, emotional distress and injury to Plaintiff's reputation. (*See*, *Graham v. Connor*, (1989) 490 U.S. 386). OFFICER DOMINGUEZ and MARTINEZ conducts were extreme and outrageous, causing aggravation of his PTSD, hypertension resulting in MR. MANN having to make unwelcome distress, doctors appointment and additional medication.

27.    Defendants OFFICER DOMINGUEZ and MARTINEZ did arrest Plaintiff (i.e., the Officers determined that Plaintiff did allegedly committed a crime). However, Plaintiff did not pose an immediate threat to the safety of the Officers or Ms. Contreras or others. Plaintiff fully cooperated with the Officers and was not attempting to evade arrest by flight. (*See*, *Bryan v. McPherson*, 630 F.3d 805 (9th Cir. 2010). Again, OFFICER DOMINGUEZ and MARTINEZ objectively failed to balance the risk over the utility that resulted in easily being able to obtained sufficient information from MR. MANN. OFFICER DOMINGUEZ and MARTINEZ conduct was extreme and outrageous, causing aggravation to Mr. Mann's medical disability (e.g. Post Traumatic Stress Disorder (PTSD) and hypertension resulting in Mr. MANN having to take medication, bed rest and the continuance thereof making unwanted medical appointments and treatment thereto.

28.    Defendants OFFICER DOMINGUEZ and OFFICER MARTINEZ known, or should have known, that their actions were in violation of well-established Federal and State law.

29.    As a proximate result of the intentional and/or deliberately indifferent conduct of Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10, and each of them, committed under color of law, Plaintiff was falsely imprisoned and treated with deliberate indifference of Plaintiff's constitutional rights, and suffered, and continues to suffer, the injuries and damages as herein alleged. Said conduct by Defendants constituted a violation of Plaintiff's rights under the Constitution of the United States of America, including, but not limited to, those rights guaranteed by the 4th, 5th, and 14th Amendments thereto.

Complaint 7

30.     Defendants "CVPD" and DOES 1-10 are liable for the
conduct of Defendants OFFICER DOMINGUEZ and MARTINEZ and
DOES 1-10 under Title 42 USC § 1983 because these
Defendants condoned and ratified the conduct of Defendants
OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10, and had in
place a policy or custom which permitted such acts to
occur.   *See*, *Larez v. Los Angeles*, 946 F.2d 630, 645-647.
This policy or custom played a part in the violation of
Plaintiff's federal Constitutional rights by Defendants
OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10.     Id. at
646-647.   "CVPD" and DOES 1-10 caused the violation of
civil rights sustained by Plaintiff because they set in
motion a series of acts by others which they knew, or
reasonably should have known, would cause others to inflict
the constitutional injury.   Plaintiff brings this cause of
action against "CVPD", OFFICER DOMINGUEZ and  MARTINEZ and
DOES 1-10 both individually and in their official
capacities.

### SECOND CAUSE OF ACTION
### False Imprisonment
### (Against All Defendants DOES 1 through 10)

31.     Plaintiff alleges that in wrongfully detaining
Plaintiff for an excessive period of time, DOES 1-50
unlawfully violated his personal liberty and acted with the
intent to confine him or to a similar intrusion upon his
person.   At no time did Plaintiff consent to these unlawful
acts and intrusions by DOES 1-10.   Said unprivileged acts
by DOES 1-10, performed without Plaintiff's consent,
proximately caused Plaintiff to suffer, and continues to
suffer, humiliation, physical harm, anguish, and thereby
caused Plaintiff to incur, and continue to incur, the
injuries and damages alleged herein. Plaintiff was not read
his Miranda Rights until after is intake paperwork was
complete.

32.     But for, the unreasonable application of the aggressor
rule and the intentional acts of OFFICER DOMINGUEZ (e.g.
the alleges victims "hesitant and unsure" " about pursing
charges against Plaintiff and MARTINEZ's placement of
"double locking" and the "checking for tightness" of
handcuffs on Plaintiff wrist which ultimately caused
bruises on both, no such of an act of misconduct of extreme

and outrageousness would have ever occurred. Plaintiff requested that the handcuff's be loosened the request was ignored. OFFICER DOMINGUEZ and MARTINEZ's action constitutes an unlawful imprisonment.

### THIRD CAUSE OF ACTION
### Assault
### (Against All Defendants and DOES 1 through 10)

33.    A civil assault is an unprivileged placing a person in imminent fear and apprehension.   In addition to alleging that Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10 were negligent in committing the acts and omissions which lead to Plaintiff's wrongful detention, Plaintiff herein alleges that Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10 intentionally made unprivileged, and non-consensual, physical contact with Plaintiff.   Said unprivileged, non-consensual physical contact proximately caused Plaintiff to suffer, and continues to suffer, physical harm, thereby causing Plaintiff to incur, and continue to incur, the injuries and damages as alleged herein.

34.    Plaintiff asserts that when OFFICER DOMINGUEZ made a decision "based on the "alleged victims" "visible injuries and "the statement" made by the Plaintiff and his accepted version of the "dominant aggressor" rule and verbally instructed Plaintiff to turn around and place his hands behind his back constituted an assault because Plaintiff was unlawfully being placed in imminent fear and apprehension of being harmed, harassed and even incarcerated by OFFICER DOMINGUEZ and MARTINEZ. Plaintiff asserts that from being unlawfully accosted by OFFICER DOMINGUEZ and MARTINEZ his blood pressure elevated to a dangerous state nearly causing him to faint. Clearly, it was unreasonable for OFFICER DOMINGUEZ and MARTINEZ to instruct him to turn around and place his hands behind his back because Plaintiff was the "reporting party, stating that his girlfriend Maribel Contreras had hit him during an argument". (See CVPD police report 1809092.1 **(Exhibit Two)**

35.    Plaintiff asserts that it was unreasonable for OFFICER DOMINGUEZ and MARTINEZ to even touch the Plaintiff and place Plaintiff in imminent fear and apprehension of being

harmed, harassed and even incarcerated by OFFICER DOMINGUEZ
and MARTINEZ. Based on the outcome, OFFICER DOMINGUEZ and
MARTINEZ conducts were extreme and outrageous, causing
aggravation of his PTSD, hypertension resulting in
Plaintiff having to make unwelcome distress, doctors
appointment and additional medication..

36.    At no time did Plaintiff consent to the unprivileged
and unwanted physical touching by Defendants OFFICER
DOMINGUEZ and MARTINEZ and DOES 1-10 that caused injury to
Plaintiff's health as alleged herein.  Plaintiff complied
with all lawful orders given by Defendants OFFICER
DOMINGUEZ and MARTINEZ and DOES 1-10, or any other
employee, agent or servant of the CVPD or THE CITY OF CHULA
VISTA.  Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES
1-10 did not have the legal right to make unprivileged and
unwarranted physical contact with Plaintiff in manner that
caused Plaintiff to be injured.

37.    Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-
10 are sued herein pursuant to Cal. Government Code §§
820(a) and 844.6(d).

38.    As a direct and proximate result of the conduct of
said Defendants, and each of them, Plaintiff sustained and
continues to sustain the injuries and damages as herein
alleged.

### FOURTH CAUSE OF ACTION
#### Battery
#### (Against All Defendants and DOES 1-10)

39.    A civil battery is an unprivileged touching.  In
addition to alleging that Defendants OFFICER DOMINGUEZ and
MARTINEZ and DOES 1-10 were negligent in committing the
acts and omissions which lead to Plaintiff's wrongful
detention, Plaintiff herein alleges that Defendants OFFICER
DOMINGUEZ and MARTINEZ and DOES 1-10 intentionally made
unprivileged, and non-consensual, physical contact with
Plaintiff.    Said unprivileged, non-consensual physical
contact proximately caused Plaintiff to suffer, and
continues to suffer, physical harm, thereby causing
Plaintiff to incur, and continue to incur, the injuries and
damages as alleged herein.

40.    Plaintiff asserts that when OFFICER DOMINGUEZ and MARTINEZ instructed Plaintiff to turn around and place his hands behind his back and OFFICER DOMINGUEZ and MARTINEZ touching the Plaintiff constitutes a Battery.

41.    Plaintiff asserts that from being unlawfully accosted by OFFICER DOMINGUEZ and MARTINEZ resulting in Plaintiff's high blood pressure increasing constitutes a Battery.

42.    Plaintiff asserts that from being unlawfully frisked by OFFICER DOMINGUEZ constituted a Battery.

43.    Plaintiff asserts that it was unreasonable for OFFICER DOMINGUEZ and MARTINEZ  to touch or frisk the Plaintiff. Based on the outcome, OFFICER DOMINGUEZ and MARTINEZ conducts were extreme and outrageous, causing aggravation of his PTSD, hypertension resulting in MR. MANN having to make unwelcome distress, doctors appointment and additional medication.

44.    At no time did Plaintiff consent to the unprivileged and unwanted physical touching by Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10 that caused injury to Plaintiff's health as alleged herein.  Plaintiff complied with all lawful orders given by Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10, or any other employee, agent or servant of the CVPD or THE CITY OF CHULA VISTA.  Defendants OFFICER DOMINGUE and MARTINEZ and DOES 1-10 did not have the legal right to make unprivileged and unwarranted physical contact with Plaintiff in manner that caused Plaintiff to be injured.

45.    Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10 are sued herein pursuant to Cal. Government Code §§ 820(a) and 844.6(d).

46.    As a direct and proximate result of the conduct of said Defendants, and each of them, Plaintiff sustained and continues to sustain the injuries and damages as herein alleged.

**FIFTH CAUSE OF ACTION**

Complaint 11

**Negligence**
**(Against All Defendants and DOES 1-10)**

47.     At all times herein mentioned, Defendants, and each of them, were CVPD and CITY OF CHULA VISTA employees responsible for the safety and security of the citizens in CITY OF CHULA VISTA in general and the Plaintiff in particular. At all times herein mentioned, Defendants, and each of them, were acting within the course and scope of that employment. In so doing, Defendants, and each of them, had a duty of reasonable care to all citizens in CITY OF CHULA VISTA in general, and to Plaintiff in particular. Defendants owed a duty to Plaintiff, inter alia, to behave as a reasonably prudent person would in the same circumstances in their dealings with Plaintiff.

48.     Defendants further had a duty to follow all applicable laws, statutes, rules, ordinances or regulations promulgated by the State of California, CITY OF CHULA VISTA or the CVPD pertaining to the procedures regarding detention and treatment of citizens in THE CITY OF CHULA VISTA. Defendants also had a duty to avoid subjecting citizens and Plaintiff to unreasonable risks of harm in the performance of their duties.

49.     Government Code § 844.6(d) holds that a public employee (as distinct from a public entity) may be held liable for any injury to a prisoner "... proximately caused by his [or her] negligent or wrongful act or omission."

50.     Government Code § 820(a) states, in pertinent part, "... a public employee is liable for injury caused by his [or her] act or omission to the same extent as a private person." Plaintiff alleges that the conduct of DOES 1-10 alleged herein was negligent and that such negligence was the proximate cause of the injuries and damages suffered by Plaintiff.

51.     Plaintiff asserts that when he informed OFFICER DOMINGUEZ and MARTINEZ that he had place the alleged victim in an "Arm Bar" it was at this point when OFFICER DOMINGUEZ and MARTINEZ conduct fell below the Standard of Reasonable Care. OFFICER DOMINGUEZ and MARTINEZ conduct is the Actual and Proximate Cause of Plaintiff's damages. OFFICER

DOMINGUEZ and MARTINEZ conducts were extreme and outrageous, causing aggravation of his PTSD, hypertension resulting in Plaintiff having to entertain unwelcome distress, make unscheduled doctors appointment and take additional medication.

52.     Plaintiff asserts that when he inquired as to "why was he being arrested:, it became substantially certain that OFFICER DOMINGUEZ and MARTINEZ would over step being effective and efficient. OFFICER DOMINGUEZ REPORT SYNOPSIS and NARRATIVE could not survive a liminie motion. Thus, showing how their conduct fail below the STANDARD OF REASONABLE CARE. OFFICER DOMINGUEZ and MARTINEZ breached the STANDARD OF CARE to act as REASONABLE and PRUDENT POLICE OFFICER's. OFFICER DOMINGUEZ and MARTINEZ's conduct is the ACTUAL and PROXIMATE CAUSE of Plaintiff's harm. It was/is foreseeable that Plaintiff would be harm from being placed in handcuffs, in the back of a patrol car for an unlawfully detention for nearly an hour. Again, OFFICER DOMINGUEZ and MARTINEZ objectively failed to balance the risk over the utility that resulted in easily being able to obtained sufficient information from MR. MANN. OFFICER DOMINGUEZ and MARTINEZ conducts were extreme and outrageous, causing aggravation of his PTSD, hypertension resulting in MR. MANN having to make unwelcome distress, doctors appointment and additional medication. Plaintiff was not read his Miranda Rights until after is intake paperwork was complete.

53.     Plaintiff asserts that when OFFICER DOMINGUEZ accosted him. OFFICER DOMINGUEZ was negligent.

54.     Plaintiff asserts that when OFFICER DOMINGUEZ decided to placed handcuffs on the Plaintiff. OFFICER DOMINGUEZ was negligent.

55.     As set forth herein, at the above-mentioned time and place, Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10, and each of them, negligently and carelessly and/or otherwise failed to take any other reasonable measures to prevent/protect the Plaintiff from harm, and the unnecessary, lengthy and unlawful detention that ensued. As a proximate result, the Plaintiff suffered, and continues to suffer, harm to his physical and mental

health, reputation, in addition to the violation of Plaintiff's constitutional rights.

56.     In committing these acts and omissions, Defendants, and each of them, negligently and carelessly breached their duty of reasonable care to Plaintiff.   As a proximate result of the negligent acts and omissions of Defendants, and each of them, Plaintiff sustained and continues to sustain injuries, to include general and special damages, in a sum according to proof at the time of trial.

### SIXTH CAUSE OF ACTION
**Negligent Training, Retaining, Disciplining, Supervising, Managing, Directing and Controlling (Against All Defendant and DOES 1-10)**

57.     Plaintiff sues CVPD and DOES 1-10 pursuant to Government Code §§ 820(a) and 844.6(d).   Plaintiff alleges that the conduct of said Defendants, and each of them, alleged herein was negligent and that such negligence was the proximate cause of the injuries and damages suffered by Plaintiff.

58.     At all times mentioned herein, Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10 were employees of the CITY OF CHULA VISTA and/or the CVPD who were responsible for the screening, hiring, retaining, training, disciplining, supervising, managing directing and controlling the conduct of DOES 1-10 and setting departmental policies for the police officers and employees of the CITY OF CHULA VISTA and CVPD.

59.     In carrying out these tasks, CVPD and DOES 1-10, and each of them, had a duty of reasonable care to Plaintiff, a resident of the County of San Diego, to avoid subjecting Plaintiff to unreasonable risks of harm in the performance of their employment related duties.

60.     CVPD and DOES 1-10 knew, or in the exercise of reasonable care should have known, about the risk DOES 1-10 posed to Plaintiff and others similarly situated.   Despite this actual and/or constructive knowledge, CVPD and DOES 51-100, and each of them, negligently and carelessly screened, hired, trained, retained, disciplined,

supervised, managed, directed and controlled the conduct and activities of Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10, and each of them, while in the course and scope of their employment with the CITY OF CHULA VISTA and the CVPD. Said negligence was a breach of the duty of reasonable care CVPD, OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10 owed to Plaintiff and others similarly situated.

61.     As a direct and proximate result of the negligence of CVPD and DOES 1-10, and each of them, DOES 1-10 committed the negligent and intentional acts and omissions alleged herein, proximately causing Plaintiff to sustain and continue to sustain the injuries and damages as herein alleged.

62.     Plaintiff assert that the evidence support his position of being unlawfully detained. See CVPD police report 1809092.1 **(Exhibit Two)**

### SEVENTH CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
### (Against All Defendants)

63.     OFFICER DOMINGUEZ and MARTINEZ purposefully, willfully and Intentionally Inflicted Emotional Distress upon Plaintiff.

64.     Plaintiff assert that OFFICER DOMINGUEZ and MARTINEZ purposefully, willfully and intentionally detained him in a manner that cause Plaintiff's Emotional Distress because he used a reasonable amount of self-defense. (See CVPD police letter dated October 24, 2018 In Re: 18-0618)**(Exhibit Five)** Exonerating Plaintiff.

65.     Plaintiff assert that, OFFICER DOMINGUEZ and MARTINEZ objectively failed to balance the risk over the utility that resulted in easily being able to obtained sufficient information concerning Plaintiff for the alleged victim. According, OFFICER DOMINGUEZ was inform that "there had been no prior documentation of domestic violence between her and the Plaintiff". (See CVPD police report 1809092.1 **(Exhibit Two)** OFFICER DOMINGUEZ and MARTINEZ judgment on the subject day of the incident was too extreme and outrageous, causing aggravation of Plaintiff's PTSD, hypertension resulting in Plaintiff having to make

unwelcome distress, doctors appointment and additional medication.

66.     Plaintiff asserts that OFFICER DOMINGUEZ AND MARTINEZ intended to inflict Emotional Distress upon him because OFFICER DOMINGUEZ approached Plaintiff in an intimidating manner (e.g. OFFICER MARTINEZ appeared unapproachable, his hand was placed on his cartridge belt, just above his pistol holster and in his other hand, he possessed an object) commanded Plaintiff to turn around and place his hands behind his back, when he in fact, had other reasonable means to gather information from the Plaintiff. OFFICER MARTINEZ failed to make reason of why would and person accused of being infidelity an argument would be the reporting party. OFFICER DOMINGUEZ mischaracterizes the true party that should have been "upset about the physical attack". See CVPD police report 1809092.1 **(Exhibit Two)**

67.     Plaintiff asserts that OFFICER MARTINEZ intended to Inflict Emotional Distress upon the Plaintiff because Plaintiff never been accosted by CVPD, in this neighborhood. Based on these facts, OFFICER DOMINGUEZ and MARTINEZ conduct were extreme and outrageous, causing aggravation of his PTSD, hypertension resulting in MR. MANN having to make unwelcome distress, doctors appointment and additional medication.

68.     Plaintiff asserts that OFFICER DOMINGUEZ and MARTINEZ intended to Inflict Emotional Distress upon the Plaintiff because when Plaintiff informed OFFICER DOMINGUEZ and MARTINEZ he had evidence. OFFICER DOMINGUEZ and MARTINEZ saw otherwise.

69.     Plaintiff asserts that OFFICER DOMINGUEZ and MARTINEZ intended to Inflict Emotional Distress upon the Plaintiff when they detained Plaintiff when asked why is he being arrested and that the alleged victim "threw his phone in the toilet in revenge against a supposed affair". See CVPD police report 1809092.1 **(Exhibit Two)** Plaintiff, informing OFFICER DOMINGUEZ and MARTINEZ that he was disabled veteran and held himself out as being a Nobel retired person and he was the actual homeowner.

70.     Plaintiff asserts that OFFICER DOMINGUEZ and MARTINEZ

intended to Inflict Emotional Distress upon the Plaintiff because OFFICER DOMINGUEZ and MARTINEZ did not accept the truth of Plaintiff's fact. Plaintiff asserts that OFFICER MARTINEZ intended to Inflict Emotional Distress upon the Plaintiff because OFFICER MARTINEZ place Plaintiff in the back of his patrol car when Plaintiff informed the officers that he was the reporting party.

71. Plaintiff asserts that OFFICER DOMINGUEZ and MARTINEZ intended to Inflict Emotional Distress upon him when OFFICER DOMINGUEZ placed him into the back of a patrol car with handcuffs that where tight. Plaintiff was in pain and bruises began to appear on both of his wrist. Based on these facts, OFFICER DOMINGUEZ and MARTINEZ conducts were extreme and outrageous, causing aggravation of his PTSD, hypertension resulting in Plaintiff having undergo unwelcome distress make doctors appointments and take additional medication.

72. Plaintiff asserts that OFFICER DOMINGUEZ and MARTINEZ intended to Inflict Emotional Distress upon the Plaintiff because OFFICER DOMINGUEZ failed to demonstrate and instructed Plaintiff how to turn his hands "back to back" to relieve his pain, while in handcuffs, on top of OFFICER MARTINEZ could have easily loosen the handcuffs. OFFICER MARTINEZ and DOMINGUEZ objectively failed to balance the risk over the utility that resulted in easily being able to avoid Plaintiff's damages. OFFICER MARTINEZ and MARTINEZ conducts were extreme and outrageous, causing aggravation of his PTSD, hypertension resulting in MR. MANN having to make unwelcome distress, doctors appointment and additional medication.

73. Plaintiff asserts that OFFICER DOMINGUEZ and MARTINEZ intended to Inflict Emotional Distress upon the Plaintiff because at no time, what so every did Plaintiff consent to the delay.

74. Plaintiff asserts that OFFICER DOMINGUEZ and MARTINEZ intended to Inflict Emotional Distress upon the Plaintiff because it was/is foreseeable that Defendants OFFICER DOMINGUEZ and MARTINEZ could have easily obtained the information they required from Plaintiff without any use of force. Instead, Defendants OFFICER DOMINGUEZ and MARTINEZ applied an unreasonable and unnecessary amount of force

upon Plaintiff and detained Plaintiff for an unreasonable
amount of time. The detention of Plaintiff was malicious
and sadistic and caused, and continues to cause, injury to
Plaintiff including, but not limited to, physical injury,
emotional distress and injury to Plaintiff's reputation.
(*See*, *Graham v. Connor*, (1989) 490 U.S. 386). OFFICER
DOMINGUEZ and MARTINEZ conducts were extreme and
outrageous, causing aggravation of his PTSD, hypertension
resulting in Plaintiff's harms.

75.    Plaintiff asserts that OFFICER DOMINGUEZ and MARTINEZ
intended to Inflict Emotional Distress upon the Plaintiff
because Defendants OFFICER DOMINGUEZ and MARTINEZ did
arrest Plaintiff (i.e., the Officers determined that
Plaintiff did commit a crime). Plaintiff did not pose an
immediate threat to the safety of the Officers or others.
Plaintiff fully cooperated with the Officers and was not
attempting to evade arrest by flight. (*See*, *Bryan v.
McPherson*, 630 F.3d 805 (9ᵗʰ Cir. 2010). OFFICER DOMINGUEZ
and MARTINEZ conducts were extreme and outrageous, causing
aggravation of his PTSD, hypertension resulting in
Plaintiff having to make unwelcome distress, doctors
appointment and additional medication.

76.    Defendants OFFICER DOMINGUEZ and MARTINEZ known, or
should have known, that their actions were in violation of
well-established Federal and State law.

77.    As a proximate result of the intentional and/or
deliberately indifferent conduct of Defendants OFFICER
DOMINGUEZ and MARTINEZ and DOES 1-10, and each of them,
committed under color of law, Plaintiff was falsely
imprisoned and treated with deliberate indifference of
Plaintiff's constitutional rights, and suffered, and
continues to suffer, the injuries and damages as herein
alleged. Said conduct by Defendants constituted a violation
of Plaintiff's rights under the Constitution of the United
States of America, including, but not limited to, those
rights guaranteed by the Fifth, Eighth and Fourteenth
Amendments thereto.

78.    Defendants CHULA VISTA POLICE DEPARTMENT and DOES 1-10
are liable for the conduct of Defendants OFFICER DOMINGUEZ
and MARTINEZ and DOES 1-10 under Title 42 USC § 1983
because these Defendants condoned and ratified the conduct
of Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10,

and had in place a policy or custom which permitted such acts to occur. *See*, *Larez v. Los Angeles*, 946 F.2d 630, 645-647. This policy or custom played a part in the violation of Plaintiff's federal Constitutional rights by Defendants OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10. Id. at 646-647. CVPD and DOES 1-10 caused the violation of civil rights sustained by Plaintiff because they set in motion a series of acts by others which they knew, or reasonably should have known, would cause others to inflict the constitutional injury. Plaintiff brings this cause of action against CVPD, OFFICER DOMINGUEZ and MARTINEZ and DOES 1-10 both individually and in their official capacities.

### EIGTH CAUSE OF ACTION
### Negligent Infliction Of Emotional Distress
### (Against All Defendants)

79.   Plaintiff incorporates all the allegations contained in paragraphs 1 through 78 of this complaint as though set forth herein.

80.   At all times herein mentioned, Defendants owed a duty to Plaintiffs to prevent the occurrence of undue harm and emotional distress.

81.   Defendants knew, or should have known, that their failure to exercise due care in performance of the obligations under Federal and state law, would cause Plaintiff to suffer severe emotional distress.

82.   Defendants' failure to comply with Federal and state law, was a breach of their duty to exercise due care in their performance of their duties as police officers.

83.   As a proximate result of the Defendants' conduct, Plaintiff was injured by Defendants in a sum within the jurisdiction of this court and subject to proof at the time of trial.

84.   As a further and proximate result of the Defendants' failure to exercise due care and the consequences proximately caused by them, as herein above alleged, Plaintiff has suffered, and continues to suffer, emotional distress and mental suffering, all to his damage in a sum

to be proven at trial.

### NINTH CAUSE OF ACTION
### Race Discrimination
### (Against All Defendants)

85.   Plaintiff is informed and believes, and thereon alleges, that Defendant violated Plaintiff's civil rights by failing to release Plaintiff in a reasonable manner but for Plaintiff's race (African American Male Homeowner in Otay Ranch, California) in violation of Cal. Unruh Civil Rights Act (Cal. Civ. Code § 51).

86.   Plaintiff is a member of the class of persons (African Americans) protected from racial discrimination under Cal. Unruh Civil Rights Act (Cal. Civ. Code § 51).

87.   Plaintiff asserts that OFFICER DOMINGUEZ, FEDERICO (Pacific Islander) and OFFICER MARTINEZ. (Hispanic) and but for Plaintiff's race (African-American) either would have treated Plaintiff less recklessly. OFFICER DOMINGUEZ and MARTINEZ conducts were extreme and outrageous, causing aggravation of his PTSD, hypertension resulting in Plaintiff under going unwelcome distress, making additional doctors appointment and taking additional medication. OFFICER DOMINGUEZ and MARTINEZ objectively failed to balance the risk over the utility. OFFICER DOMINGUEZ and MARTINEZ could have easily avoided Plaintiff's damages by treating Plaintiff with respect, regardless of Plaintiff's race. OFFICER DOMINGUEZ and MARTINEZ conducts were extreme and outrageous, causing aggravation of Plaintiff's PTSD, hypertension resulting in having to make unwelcome doctors appointment and taking additional medication.

88.   As a direct and proximate result of the Defendants, and each of their actions, Plaintiff has suffered, and continues to suffer, severe and serious injury to his person and reputation, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

89.   As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and continues to suffer, substantial losses including, but not limited to, emotional

distress and injury to his reputation.

90.     The conduct of Defendants in discriminating against
Plaintiff because of his race subjected Plaintiff to cruel
and unjust hardship in conscious disregard of Plaintiff's
rights.   Plaintiff is informed and believes, and thereon
alleges, that his termination by Defendants, and each of
them, was done with intent to cause injury to Plaintiff. As
a consequence of the aforesaid oppressive, malicious and
despicable conduct, Plaintiff is entitled to an award of
punitive damages in a sum to be shown according to proof.

### TENTH CAUSE OF ACTION
### DEFAMATION/SLANDER/LIBEL
### (Against All Defendants DOES 1 through 10)

91.     Plaintiff alleges that in wrongfully detaining
Plaintiff for an excessive period of time, DOES 1-10
unlawfully violated his personal liberty and acted with the
intent to confine him or to a similar intrusion upon his
person.  At no time did Plaintiff consent to these unlawful
acts and intrusions by DOES 1-10.  Said unprivileged acts
by DOES 1-10, performed without Plaintiff's consent,
proximately caused Plaintiff to suffer, and continues to
suffer, humiliation, physical harm, anguish, and thereby
caused Plaintiff to incur, and continue to incur, the
injuries and damages alleged herein.

92.     But for, the generation of "CVPD" police report
1809092.1 **(Exhibit Two)** and the failure to prosecute (See
District Attorney reject letter date July 09, 2018)
**(Exhibit Three)** statement about Plaintiff on the night of
the subject incident were all false.  The report were made
public and reviewed by the New York Life Insurance Company.
(**See Exhibit Four**). The nature of the statement was really
not of ' public concern' "CVPD" published the report and
must be held liable in negligence.

93.     Plaintiff lost this job opportunity and suffered
'mental anguish' as opposed to 'damage.'

### PRAYER
WHEREFORE, Plaintiff prays for judgment against Defendants,
and each of them, as follows:
    (1)  For general damages in the sum of $3,000,000.
    (2)  For special damages in the sum of $2,000,000.
    (3)  For costs of suit incurred herein pursuant to 42 USC

§1983 and Cal. Unruh Civil Rights Act (Cal. Civ. Code § 51)
any and all other statutory and/or case law that may apply;
(5)  For punitive damages permissible under the law; and
(6)  To clear all criminal information and possession of
CVPD regarding this case;
(7)  For such other further relief as this Court may deem
just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial, as soon as, this
matter can be place of the Court's calendar.

Date:  11/05/2018

By: Cal

CARLOS
EUGENE MANN,
Plaintiff

Complaint 22

# EXHIBIT 1



**CITY OF**
**CHULA VISTA**

## Office of the City Attorney

September 17, 2018

Mann, Carlos
1325 Santa Diana Rd #7
Chula Vista, CA  91913

This is to advise you that the claim you filed against the City of Chula Vista on 07/17/2018, relating to an incident allegedly occurring on 06/26/2018, has been denied.

<strong>WARNING:</strong>

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action based on state law.  See Government Code §945.6.  This notice does not affect or extend any other applicable statute of limitations.  Depending on the type of action, a shorter statute of limitations may apply.

Please, also be advised that pursuant to §128.7 and  §1038 of the California Code of Civil Procedure, the City will seek to recover all costs of defense in the event an action is filed in this matter and it is determined that the action was not brought in good faith and with reasonable cause

You may seek the advice of an attorney of your choice in connection with this matter.  If you so desire to consult an attorney, you should do so immediately.

Sincerely,

Janice Y. Galleher
Senior Risk Management Specialist

# EXHIBIT 2



**Chula Vista Police Department**
**Public Records Request**
**Victim Copy**

Primary Victim: **Contreras, Maribel**

Case No.: **1809092**

Report No.: **1809092.1**

**1**

Page 1 of 4

### GENERAL CASE INFORMATION

| Primary Charge: 245 (A)(4) - PC - ADW WITH FORCE:POSSIBLE GBI (F) | |
|---|---|
| Location, City, State, ZIP: **1325 Santa Diana Rd #7, Chula Vista, CA 91913** | Call For Service Date/Time **06/26/2018 00:38:57 (Tuesday)** |
| Occurrence Date/Time **06/26/2018 00:45:00 (Tuesday)** | Call For Service Event Type: **ASSAULT/DEADLY WEAPON** |

### VICTIM/S

**Victim #1**

| Name: **Contreras, Maribel** | Sex: **F** | Age: **41** | Injury: **I - Possible internal Injury** **M - Apparent Minor Injury** |
|---|---|---|---|
| Home Address, City, State, ZIP: **1325 Santa Diana Rd #7, Chula Vista, CA 91913** | | | |
| Victim Of: **245 (A)(4) - PC - ADW WITH FORCE:POSSIBLE GBI (F)** | | | |
| Employment Status: **Employed** | Occupation/Grade: **Sr Accountant** | Employer/School: | Employer Address, City, State Zip: |

### IBR/UCR OFFENSE/S

| Offense Description: **245 (A)(4) - PC - ADW WITH FORCE:POSSIBLE GBI (F)** | Level: **F** | Against: **PE** | Completed? **Yes** | Counts |
|---|---|---|---|---|

### ARRESTEE/S

**Arrestee #1**

| Name: **Mann, Carlos E** | Sex: **M** | Date of Birth / Age **05/10/1981 - 37** | Height: **5' 9"** | Weight: **204** | Hair Color: **BRO** | Eye Color: **BLK** |
|---|---|---|---|---|---|---|
| Home Address, City, State, ZIP: **1325 Santa Diana Rd #7, Chula Vista, CA 91913** | | | | | | |
| Employment Status: **Retired** | Occupation/Grade: **GYSGT E-7** | | | Employer Address, City, State Zip: | | |

### ARREST INFORMATION

| Arrested Type: **O - Probable Cause Arrest - New Case** | LE Disposition: **4 - Felony (Adult Only)** | JUS 750 Type: **2 - Booked** | Booking No.: |
|---|---|---|---|
| Arrested For: **245 (A)(4) - PC - ADW WITH FORCE:POSSIBLE GBI (F)** | | Level: **F** | Completed: **Yes** | Counts: |
| Arrest Date and Time: **06/26/2018 01:10:00** | Arrest Location, City, State, ZIP: **1325 Santa Diana Rd #7, Chula Vista, CA 91913** | | |
| Booking Date/Time: **06/26/2018 01:25:00** | Booked Location: **Chula Vista Jail** | Armed With: **01 - Unarmed** | |

### SUSPECT/S (Not Yet Arrested)

### WITNESSES

### OTHER ENTITIES

**Entity #1**

| Name: **Thomas, Wendy** | Sex: **F** | Age: | Injury: |
|---|---|---|---|
| Home Address, City, State, ZIP: | | | |
| Employment Status: **Employed** | Occupation/Grade: **DVRT MEMBER** | Employer/School: **DVRT** | Employer Address, City, State Zip: |

### PROPERTY

### REPORT NARRATIVE

\*\*ADDITIONAL CHARGE OF 273.5(a) P.C. not shown on Offenses tab due to NetRMS formatting error\*\*

| Reporting Officer **CV1086 - Dominguez, Federico** | Division / Organization **Operations** **Patrol** | |
|---|---|---|
| Report Date **06/26/2018 01:28:15** | | |
| NetRMS_CASBDCR.rtf v11-15-06 | Printed by CV0510 | Printed: August 3, 2018 - 11:17 AM |

Detective Assigned **CV0910 - Chudy, Alicia**

Confidential Information contained in the Chula Vista California Police records is confidential. Release of information contained or distribution of these records is restricted by TNCS Municipal Code.



**Chula Vista Police Department**
**Public Records Request**
**Victim Copy**

| | | |
|---|---|---|
| Primary Victim: **Contreras, Maribel** | Case No. **1809092** | **2** |
| | Report No. **1809092.1** | Page 2 of 4 |

**SYNOPSIS:**

On 06/26/18 at 0020 hours, the victim was in an argument with her boyfriend of two years, Carlos Mann (identified via a CA driver's license and later by Cal Web ID) in their bedroom inside their home at 1325 Santa DianA Rd. During the argument, Mann hit the victim in the face with his open hand once and then pushed the victim onto the ground. The victim grabbed Mann's cell phone and walked over to the bathroom. Mann came up behind the victim, wrapped his left forearm around the victim's neck and applied pressure for approximately two seconds, momentarily rendering the victim unable to speak and with slight soreness around her neck. As a result of the altercation, the victim had redness across her chest and a small laceration across the top left portion of her back.

Mann was spoken to by officers outside the residence, and he stated he placed the victim in an "arm bar" after she had hit him during an argument over their relationship. Based on the visible injuries on the victim and both of their statements, I determined Mann to be the dominant aggressor in a domestic violence assault and placed him under arrest for 273.5 P.C. - Domestic Violence Assault with Injury; and 245(a)(4) P.C. - Assault with a Deadly Weapon Likely to Cause Great Bodily Injury.

Mann was transported to the Chula Vista Jail for processing without further incident. Later, Mann was transported to San Diego County Jail for booking on the above charges.

Mann had five registered firearms inside the residence. Per 18250 P.C., I seized the firearms for safekeeping. Mann was given a DOJ AFS Inventory Receipt form in his jail property bag after he signed the receipts.

CONFIDENTIAL
This case has been released by the Chula Vista
Police Department pursuant to California Penal
information contained is restricted by section
as Felony and
restricted by TNG vs. Superior Court.
Chula Vista Police Department

**EVIDENCE:**

1. Audio and Video Recording from AXON Body Worn Camera. Logged in as Felony and downloaded to Evidence.com for digital storage.
2. Photographs of the Scene and Victim. Logged in as Felony and downloaded to Evidence.com for digital storage.

**NARRATIVE:**

On 06/26/18 at 0041 hours, officers were dispatched to 1325 Santa Diana Rd #7 reference a possible domestic violence incident. The reporting party was Carlos Mann, who stated his girlfriend Maribel Contreras had hit him during an argument.

Officer Y. Martinez and I arrived at the scene at 0047 hours and made contact with Mann at the front door of his residence. Mann, identified via his CA driver's license, stood outside and spoke to Officer Y. Martinez while I contacted Contreras, who walked downstairs shortly after Mann opened the front door.

Contreras, identified via her AZ driver's license, told me her and Mann have been dating for approximately two years and have been living together at this residence for the approximately one year. Contreras told me they do not have children together and have been having relationship issues since Mann cheated on Contreras. Tonight, they were having an argument about their relationship and

| Reporting Officer | Division / Organization | |
|---|---|---|
| **CV1086 - Dominguez, Federico** | **Operations Patrol** | |
| Report Date | Detective Assigned | |
| **06/26/2018 01:28:15** | **CV0910 - Chudy, Alicia** | |

| | | |
|---|---|---|
| NetRMS_CASDCR.rtf v11-16-08 | Printed By CV0510 | Printed: August 3, 2018 - 11:17 AM |



**Chula Vista Police Department**
**Public Records Request**
**Victim Copy**

Case No.: **1809092**

Report No.: **1809092.1**

Primary Victim: **Contreras, Maribel**

**3**

Page 3 of 4

Contreras admittedly became emotional and started yelling at Mann. While they were lying down in bed, Mann was on his cell phone checking a social media account. Contreras became upset and tried taking Mann's phone. Mann responded by reaching over with his right hand and hitting Contreras across the right side of her face with his open hand. Contreras became angry, got out of bed and walked over to Mann's side of the bed and tried to take his phone again. When Contreras did this, Mann became angry and pushed Contreras with both of his hands, causing her to fall to the ground. As Contreras tried to get up, Mann tried to pull Contreras' hair. Upset about the physical assault, Contreras was able to grab Mann's cell phone and get up. Contreras walked over to the bathroom in their bedroom and threw the phone in the toilet. Mann became even more upset and walked up behind Contreras. Mann reached over Contreras' neck with his left arm and wrapped his arm around her neck. Contreras said Mann then squeezed his arms for approximately two seconds, causing Contreras' airway to tigthen and temporarily rendered her unable to speak. Contreras was able to reach around toward her left and slapped Mann's left side of his face with her right hand. Following this, Mann let go of Contreras and told Contreras he was going to police because he hit her.

Contreras was wearing a shirt with thin shoulder straps, which enabled me to see a small laceration across Contreras' left upper back/shoulder area. Contreras told me she must have gotten the laceration during the altercation. I also noticed the top of Contreras' chest/bottom area of her neck appeared red. I took photographs of Contreras' person, and later logged them into Evidence.co for digital storage.

I also spoke to Mann, and asked him what happened that night. Mann told me that Contreras thinks Mann is cheating on her and was upset tonight because he was on his phone. Mann said that Contreras slapped him, and then said he put Contreras in an "arm bar" as the two continued to argue over their relationship. Mann said then Contreras threw his phone in the toilet in revenge against a supposed affair.

Based on Contreras' visible injuries and consistent statement with Mann's admission, I determined Mann to be the dominant aggressor during the domestic violence altercation. I placed Mann under arrest for 273.5 P.C. and 245(a)(4) P.C., handcuffed him (double locking and checking for tightness) and seated him in the back of Officer Martinez' patrol vehicle. Officer Martinez assisted my investigation by transporting Mann to the Chula Vista Jail and completing his jail intake paperwork.

Per San Diego County protocol, I requested emergency medical personnel respond to the scene and evaluate Contreras due to the allegations of strangulation. CV Fire Engine 57 responded, but Contreras declined medical aid and attention, stating she could see, breathe, and swallow fine. I remained at the residence and provided Contreras with a Marsy's Pamphlet and case number as well as a Domestic Violence Resource Pamphlet. Contreras was hesitant and unsure about pursuing charges against Mann but was willing to cooperate with the court proceedings. Contreras told me there has been no prior documentation of domestic violence between her and Mann, but he has been violent with her past and the altercations resulted in bruising around Contreras' arms.

Contreras told me Mann had several firearms in an upstairs bedroom closet. An AFS check of Mann's record showed he had five firearms registered to his name. One of the firearms, a Bersa Thunder380

This case has been released by the Chula Vista Police Department pursuant to California Penal Code 11075-11081 subsequent distribution of information contained is restricted by section 11140-11144. Release of juvenile records is restricted by TNC vss Superior Court. CONFIDENTIAL Chula Vista Police Department

| | | |
|---|---|---|
| Reporting Officer | Division / Organization | |
| **CV1086 - Dominguez, Federico** | Operations | |
| Report Date | Patrol | |
| **06/26/2018 01:28:15** | Detective Assigned | |
| NetRMS_CASBDCR.rtf v11-15-06 | **CV0910 - Chudy, Alicia** | |
| | Printed By CV0510 | Printed on August 3, 2018 |



**Chula Vista Police Department**
**Public Records Request**
**Victim Copy**

| | | |
|---|---|---|
| ☐ | Case No.: **1809092**☐ | **4** |
| Primary Victim: **Contreras, Maribel**☐ | Report No.: **1809092.1**☐ | Page 4 of 4 |

was located underneath the mattress of their bed. Contreras repeatedly told me Mann never threatened her with the firearm or do anything to indicate he was thinking about reaching for the firearm during their altercation. Two handguns, an M&P Shield and Springfield XD40 were located inside a shared closet (both were safe and in a gun box.) I also located a Mossberg 500 12 gauge shotgun and Smith & Wesson MP-15 rifle unloaded in the bedroom closet. Per PC 18250, I seized the firearms in Mann and Contreras' shared bed and bedroom closet. I confirmed the firearms were indeed the firearms registered to Mann and later logged them into Property for safekeeping under tag #D48857.

After Mann signed his intake paperwork, I read him his Miranda Rights per my PD issued notebook. Mann stated he understood his rights and invoked them, simply answering the second question "no." Later, I had Mann sign the AFS DOJ Inventory Receipt forms, which he was given a copy of and attached to this report.

Later, I contacted Wendy Thomas of DVRT regarding the incident. Thomas stated she would reach out to Contreras over the phone to evaluate her situation and provide additional resources if applicable.

END OF REPORT.

CONFIDENTIAL
This case has been released by the Chula Vista
Police Department pursuant to California Penal
Code 11075-11081 subsequent distribution of
information contained is restricted by section
11140-11144. Release of juvenile records is
restricted by T.N.G. vs. Superior Court.
Chula Vista Police Department

| Reporting Officer **CV1086 - Dominguez, Federico** | Division / Organization **Operations Patrol** | |
|---|---|---|
| Report Date **06/26/2018 01:28:15** | Detective Assigned **CV0910 - Chudy, Alicia** | |
| NetRMS_CASDCR.rtf v11-15-08 | Printed By CV0510 | Printed: August 3, 2018 - 11:17 AM |

# EXHIBIT 3

OFFICE OF
**THE DISTRICT ATTORNEY**
COUNTY OF SAN DIEGO

South Bay
333 H Street, Suite 4000
Chula Vista, CA 91910-5694
(619) 498-5650

**JESUS RODRIGUEZ**
ASSISTANT DISTRICT ATTORNEY

**SUMMER STEPHAN**
**DISTRICT ATTORNEY**

http://www.sandiegoda.com

July 9, 2018

Carlos Eugene Mann
1325 Santa Diana Rd., # 7
Chula Vista, CA 91913

RE:   Carlos Eugene Mann (DOB: 05/10/1981)
      DA Case Number:  RY2355
      Chula Vista Police Department, Case Number: 1809092

To Whom It May Concern:

On June 26, 2018, the above-named individual was arrested for a violation of Penal Code
section 245(a)(4) by the above-named law enforcement agency in the above-entitled case
number.  As of today's date, no criminal charges relating to this case have been filed nor
are charges currently being contemplated by this office.

**Please be advised that this case may be reviewed and charges filed at any time prior
to the expiration of the applicable statute of limitations if additional information to
justify doing so becomes available.**

Sincerely Yours,

CJ Mody
Supervising Deputy District Attorney
Family Protection Division

OFFICE OF
# THE DISTRICT ATTORNEY
COUNTY OF SAN DIEGO

**JESUS RODRIGUEZ**
ASSISTANT DISTRICT ATTORNEY

SUMMER STEPHAN
DISTRICT ATTORNEY

South Bay
333 H Street, Suite 4000
Chula Vista, CA  91910-5694
(619) 498-5650

http://www.sandiegoda.com

October 4, 2018

Carlos Eugene Mann
1325 Santa Diana Rd., # 7
Chula Vista, CA 91913

RE:   Carlos Eugene Mann (DOB: 05/10/1981)
DA Case Number:  RY2355
Chula Vista Police Department, Case Number: 1809092

To Whom It May Concern:

On June 26, 2018, the above-named individual was arrested for violations of Penal Code sections 245(a)(4) and 273.5(a) by the above-named law enforcement agency in the above-entitled case number.  As of today's date, no criminal charges relating to this case have been filed nor are charges currently being contemplated by this office.

**Please be advised that this case may be reviewed and charges filed at any time prior to the expiration of the applicable statute of limitations if additional information to justify doing so becomes available.**

Sincerely Yours,

CJ Mody
Supervising Deputy District Attorney
Family Protection Division

# EXHIBIT 4

 Gmail

**carlos mann <cemann619@gmail.com>**

---

## Further court documents are needed for 2 main items (see page 4 attached) 8/16/18
4 messages

---

**John G Calabria** <jcalabria@ft.newyorklife.com>                        Thu, Aug 16, 2018 at 3:03 PM
To: carlos mann <cemann619@gmail.com>
Cc: Sharon Davis <sdavis1@ft.newyorklife.com>

Good afternoon,

New York Life shared the information with FINRA & unfortunately we need court documents for all items shown on page 4 attached (as follows).

2/14/2004 DUI – Charge 1 001 counts of driv/susp/etc lic,dui,vio charge

2/14/2004 Dul – Charge 2 – 001 counts of DUI, alcholo/drugs

6/26/2018  charge 1 – 001 counts of inf corp Inj, spouse/cohab charge

6/26/2018 Charge 2  - 001 counts of adw/force, possible GBI

I have attached all copies you submitted so you can review at the court house to get the full documentation shows all items have been closed out (Pages 5 -19).

See pages 1 – 3 for what is needed and a sample of 2 of the 3 items.

Please submit all items on the DUI once you go the court house to get copies from 2004.  If no copies are available, please get a statement from the court with their court seal indicating all records have been destroyed from 2004 for the DUI only.

Please submit all court documents for the 6/26/2018 charge once the court releases them (I know you are waiting for a court date to get these documents).

Please keep us updated on your progress on getting the missing documents.  I appreciate your patience and

assistance in getting the missing documents.

Thank you.

**John G. Calabria**

**Senior Service Associate**

**Field Services, New York Life**

**Assistant to Tony Montalvo**

**Senior Specialist and Contracting & Licensing**

**The Plaza - Pacific Tower, New York Life, 4365 Executive Drive, Suite 800, San Diego, CA 92121;  Ph: (858) 623-8704; Fax (858) 623-9784 email address: jcalabria@ft.newyorklife.com**

 Review our New York Life Career webpage at: 

Review our San Diego G.O. Web Page at:    http://www.sandiego.nyloffices.com/

Watch this short video from Tony Montalvo, Managing Partner to learn about the Career Opportunities available with New York Life:

**John G Calabria**

| | |
|---|---|
| From: | adelesciberras@newyorklife.com |
| Sent: | Thursday, August 16, 2018 1:16 PM |
| To: | IPS_CLRU_S67@newyorklife.com |
| Cc: | IPS_CLRU_RAP_PA@newyorklife.com |
| Subject: | PERSONAL AND CONFIDENTIAL: MANN, Agent#: 0181247 |

FINRA has received notification from the U. S. Department of Justice that a review of this individual's fingerprint card reveals the following incident(s):

---

Arrest Date: 02/14/2004
Document: DOCS REQ FOR CONTRACTING ONLY                    *need court documents*
Agency Name: -SHERIFF'S OFFICE SAN DIEGO Case #: 4107143A
Comments: 1-001 COUNTS OF DRIV,SUSP/ETC LIC,DUI,VIO CHARGE 2-001 COUNTS OF DUI,ALCOHOL/DRUGS***Update 8/8/2018: For Contracting purposes, please charging document, judgment/sentence order and final disposition.

---

Arrest Date: 06/26/2018
Document: DOCS REQ FOR FINRA                    *need court documents*
Agency Name: SHERIFF'S OFFICE SAN DIEGO
Case #: 18139969A
Comments: Updated 08/16/18 - FINRA has reviewed documentation and deemed them insufficient. Please provide documentation showing both charges. - CHARGE 1-001 COUNTS OF INF CORP INJ,SPOUSE/COHAB CHARGE 2-001 COUNTS OF ADW/FORCE,POSSIBLE GBI

---

Contact: Patricia Humbert at (212) 576-6249

In order to resolve this matter, please refer to procedure entitled How to Resolve a Criminal Disclosure Issue located in SharePoint/CLRU/Agent FINRA Registration Folder.

Please forward a reply within ten days to the Registration Area of CLRU via GeODE.

1

# EXHIBIT 5



**CITY OF
CHULA VISTA**        **Police Department**

October 24, 2018


Mr. Carlos Mann
1325 Santa Diana Road, #7
Chula Vista, CA  91913

RE:    18-0618

Dear Mr. Mann:

Thank you for bringing to our attention your concerns regarding your Service
Complaint Form dated July 11, 2018.

The Chula Vista Police Department continually encourages members of the
community to express concerns, which may need to be addressed.  As part of our
commitment to the community, it is our goal to work with you in resolving this issue
the best we can.  An investigation has been conducted by Lieutenant Rusty Rea.
The outcome of the investigation is as follows:

> **EXONERATED: Acts did occur but were justified,
> lawful and proper.**


In the event that you need to contact Lieutenant Rea, he can be reached at (619)
409-5929.

Sincerely,

Vern Sallee
Police Captain