UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS EUGENE MANN,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF CHULA VISTA;<br>CHULA VISTA POLICE<br>DEPARTMENT; OFFICER<br>FREDERICO DOMINGUEZ;<br>OFFICER Y. MARTINEZ; and<br>DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 18-cv-2525-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion for Leave to File a Second Amended Complaint filed by Plaintiff Carlos Eugene Mann. (ECF No. 39).

**I. BACKGROUND**

  On November 5, 2018, Plaintiff Carlos Eugene Mann, proceeding *pro se*, filed a Complaint against Defendants City of Chula Vista, Chula Vista Police Department ("CVPD"), CVPD Officer Frederico Dominguez, CVPD Officer Yamil Martinez, and Does 1 through 10, inclusive. (ECF No. 1). Mann amended the Complaint on July 31, 2019. (ECF No. 27).

| | |
|---|---|
| 1 | On August 14, 2019, Defendants filed a Motion to Dismiss Mann's Amended |

On August 14, 2019, Defendants filed a Motion to Dismiss Mann's Amended Complaint. (ECF No. 30). On November 7, 2019, the Court issued an Order granting Defendants' Motion to Dismiss and dismissing Mann's Amended Complaint without prejudice and with leave to file a motion for leave to amend the Complaint.

On February 6, 2020, Mann filed a "Second Amended Complaint," which the Court construed as a Motion for Leave to File a Second Amended Complaint. (ECF No. 39). Mann seeks leave to amend the Complaint to add claims for "Failure to Prevent Discrimination and Harassment in Violation of Cal. Gov't Code § 12940(k)" and "Selective and Vindictive Criminal Processing." (ECF No. 30 at 2). Mann further seeks to add additional factual allegations, requests for relief, and exhibits.

On February 26, 2020, Defendants filed an Opposition to Mann's Motion for Leave to File a Second Amended Complaint. (ECF No. 41). Defendants contend that Mann fails to provide the grounds for amendment or for "belatedly adding any of the new allegations and causes of action." (*Id.* at 5). Defendants contend that Mann fails to allege facts the cure the deficiencies in the Amended Complaint. Defendants contend that amendment would be futile because Mann fails to state a claim upon which relief can be granted.

On March 8, 2020, Mann filed a Reply. (ECF No. 43). Mann contends that the additional factual allegations cure the deficiencies in the Amended Complaint.

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178,

182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

### III. RULING OF THE COURT

The issue of whether Mann alleges facts sufficient to state a claim upon which relief can be granted is properly resolved on a motion to dismiss, rather than a motion for leave to file an amended complaint. Defendants have not shown that they would be prejudiced by the amendment or made "a strong showing" of undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies. *Id.* The Court finds that Defendants have failed to demonstrate that the *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis omitted). Accordingly,

IT IS HEREBY ORDERED that Mann's Motion for Leave to File a Second Amended Complaint (ECF No. 39) is granted. The Court construes the Second Amended Complaint (ECF No. 39-1 through 39-3) filed on the date of this Order.

Dated: April 6, 2020

Hon. William Q. Hayes
United States District Court