1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS EUGENE MANN,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF CHULA VISTA;<br>CHULA VISTA POLICE<br>DEPARTMENT; OFFICER<br>FREDERICO DOMINGUEZ;<br>OFFICER Y. MARTINEZ; and<br>DOES 1-10, inclusive,<br><br>                              Defendants. | Case No.:  18-cv-2525-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative to Strike Portions Thereof filed by Defendants City of Chula Vista, Chula Vista Police Department, Officer Federico Dominguez, and Officer Yamil Martinez. (ECF No. 46).

I.      **PROCEDURAL BACKGROUND**

On November 5, 2018, Plaintiff Carlos Eugene Mann, proceeding *pro se*, filed a Complaint against Defendants City of Chula Vista (the "City"), Chula Vista Police

Department ("CVPD"), CVPD Officer Federico Dominguez, CVPD Officer Yamil Martinez, and Does 1 through 10. (ECF No. 1). On July 31, 2019, Plaintiff filed an Amended Complaint, alleging claims against Defendants for violations of 42 U.S.C. § 1983 and California state law. (ECF No. 27).

On November 7, 2019, the Court issued an Order granting Defendants' Motion to Dismiss the Amended Complaint. (ECF No. 34). The Court determined that Plaintiff failed to state a claim against Defendants under § 1983 or California law. The Court dismissed the Amended Complaint without prejudice and with leave to file a motion for leave to amend.

On April 6, 2020, the Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint. (ECF No. 44). In the Second Amended Complaint ("SAC"), Plaintiff brings claims against Defendants for 1) violation of 42 U.S.C. § 1983 and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, *et. seq.*; 2) false imprisonment; 3) negligence, and negligent training, directing, supervising, and controlling under sections 11116.6 and 11117 of the California Penal Code; 4) false imprisonment; 5) assault and battery; 6) negligence, negligent training and supervising, and negligent infliction of emotional distress; 7) negligent training, retaining, supervising, managing, directing, and controlling; 8) intentional infliction of emotional distress; 9) negligent infliction of emotional distress; 10) defamation/slander/libel; 11) intentional discrimination in violation of the Unruh Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1000e-2(a); 12) failure to prevent discrimination and harassment in violation of section 12940(k) of the California Government Code; and 13) selective and vindictive criminal processing. Plaintiff seeks compensatory damages, special damages in the amount of $2,000,000, punitive damages, equitable relief, declaratory relief, costs, and "other further relief as this Court may deem just and proper." (ECF No. 39-1 at 66). Plaintiff also requests that the Court "purg[e] all criminal information and DNA possession of CVPD regarding this case[.]" (*Id.*).

On April 20, 2020, Defendants filed a Motion to Dismiss Plaintiff's SAC, or in the Alternative to Strike Portions Thereof. (ECF No. 46). On May 12, 2020, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. (ECF No. 47). On May 19, 2020, Defendants filed a Reply. (ECF No. 48). On May 20, 2020, Plaintiff filed an Objection to the Reply. (ECF No. 49). On May 21, 2020, Defendants filed a Response to the Objection. (ECF No. 50).

## II.   ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

On June 26, 2018, Plaintiff's former girlfriend, Maribel Contreras, "reviewed [Plaintiff's] social media emails through his cell phone." (ECF No. 39-1 ¶ 63). When Contreras saw the emails, she "bec[a]me extremely violent" and "physically attacked [Plaintiff] . . . ." (*Id.* ¶ 62). Contreras "snatch[ed]" Plaintiff's $800 cell phone, ran into the bathroom, and threw the phone into the toilet. (*Id.* ¶ 63). Contreras pushed Plaintiff against the bathroom wall, causing Plaintiff severe pain in his back, neck, and shoulders. Contreras slapped Plaintiff's face, causing Plaintiff "a moment of blindness." (*Id.* ¶ 65). Plaintiff attempted to call 911 on the home phone, but Contreras grabbed the phone out of Plaintiff's hands. Plaintiff "defend[ed] himself [ ] out of fear [of] death" by putting Contreras in an "Arm Bar." (*Id.* ¶ 66). Plaintiff "was on his knees while being attacked when he contacted 911 from his home phone . . . ." (*Id.* ¶ 38).

CVPD Officers Dominguez and Martinez arrived at Plaintiff's residence and took separate statements from Plaintiff and Contreras. The Officers asked Plaintiff, "[W]hat happened that night?" (*Id.* ¶ 114). Officer Dominguez's "tone and posture" "led Plaintiff to believe that [Officer Dominguez] was friendly and was going to escort Contreras out of Plaintiff[']s residence." (*Id.* ¶ 117). Plaintiff made a "statement that he put Contreras in an Arm Bar . . . ." (*Id.* ¶ 165). Contreras alleged that Plaintiff strangled her. The Officers determined that Plaintiff committed a crime and that Plaintiff was the dominant aggressor.

Plaintiff was arrested for domestic violence assault with injury and assault with a deadly weapon likely to cause great bodily injury in violation of sections 273.5 and 245(a)(4) of the California Penal Code. The Officers told Plaintiff "to turn around and place

his hands behind his back . . . ." (*Id.* ¶ 169). Officer Dominguez handcuffed Plaintiff, double locking the handcuffs and checking for tightness. Plaintiff "complained to Officer Dominguez [ ] about the handcuffs being too tight . . . ." (*Id.* ¶ 105). Officer Dominguez "ignor[ed] the complaints and demand to loosen the handcuffs." (*Id.*). Plaintiff suffered "bruises on both of his wrists [that] lasted for several weeks." (*Id.* ¶ 106). Contreras was given domestic violence resources and was not arrested.

After Plaintiff was "frisked, handcuffed, and detained," Plaintiff "informed Officer Dominguez [ ] that he was a disabled person under prescribed medication, and needed water for his medical condition . . . ." (*Id.* ¶ 21). Officer Dominguez "refused[,] aggravating [Plaintiff's] disabilities." (*Id.*). Plaintiff was transported to a detention facility and was read his *Miranda*[1] rights after his intake paperwork was complete. No charges against Plaintiff were filed. The Officers' actions caused aggravation of Plaintiff's PTSD and hypertension, requiring him to attend doctor's appointments, take "additional medication," and attend "neurology brain balancing and Cognitive Processing Therapy." (*Id.* ¶ 72).

## III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

## IV.  JUDICIAL NOTICE

Defendants request that the Court take judicial notice of section 501 of the City's Charter and chapter 2.09 of the City's Municipal Code, attached as exhibits to the Motion to Dismiss. "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." *Id.* "First, a court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Id.* (quoting *Branch*, 14 F.3d at 453). "Second, under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Id.* at 688-89 (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The City's Charter and its Municipal Code are public records and proper subjects of judicial notice. Defendants' request for judicial notice is granted.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    CLAIMS AGAINST CVPD

Defendants contend that the Court should dismiss or strike CVPD as a Defendant because CVPD is a department of the City and a duplicative Defendant. Plaintiff contends that he sufficiently states claims against all Defendants.

A city police department is an entity separate from the city and subject to suit. *See Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 605 (9th Cir. 1986) (holding that the police department of a charter city may be sued in federal court), *superseded by statute on other grounds as stated in Seater v. Cal. State Univ.*, No. 93-56688, 1995 U.S. App. LEXIS 3652 (9th Cir. Feb. 22, 1995). A city and its police department are both proper defendants where a plaintiff alleges distinct conduct by the entities. *See id.* However, courts routinely dismiss police departments as duplicative defendants where the claims against a city and its police department arise from the same facts. *See, e.g.*, *Goodfellow v. Ahren*, No. 13-04726 RS, 2014 U.S. Dist. LEXIS 42397, at *33 (N.D. Cal. Mar. 26, 2014) (holding that claims against a city were "duplicative" of claims against its police department and construing claims against the police department as claims against the city); *Herrera v. City of Sacramento*, No. 2:13-cv-00456-JAM-AC, 2013 U.S. Dist. LEXIS 109119, *6 (E.D. Cal. Aug. 1, 2013) ("Because the Sacramento Police Department is a department of the City, it is redundant to name both."); *Brouwer v. City of Manteca*, No. 107-CV-1362 AWI DLB, 2008 U.S. Dist. LEXIS 75843, at *9 (E.D. Cal. July 18, 2008) ("Because Defendant Manteca Police Department is a subdivision of Defendant City of Manteca, it is an unnecessary duplicative Defendant, and it will be dismissed.").

In this case, section 501 of the City's Charter vests the City with the authority to establish a police department. (*See* Ex. A to Notice of Lodgment ("NOL"), ECF No. 46-5 at 5). Chapter 2.09 of the City's Municipal Code established CVPD. (*See* Ex. B. to NOL, ECF No. 46-5 at 12). In the SAC, Plaintiff alleges the same claims against the City and CVPD premised on the same facts. The Court concludes that the claims against CVPD are

18-cv-2525-WQH-MDD

duplicative of the claims against the City. Chula Vista Police Department is dismissed as a Defendant.

## VI.   FIRST CAUSE OF ACTION - 28 U.S.C. § 1983 AND UNRUH ACT

Plaintiff brings the first cause of action against all Defendants for violation of the Unruh Act and under 28 U.S.C. § 1983 for violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Defendants contend that none of the alleged conduct by Officer Dominguez or Martinez violated Plaintiff's constitutional rights or the Unruh Act. Defendants contend that Plaintiff fails to state facts sufficient to support an inference that the Officers lacked probable cause to arrest Plaintiff, that the Officers conducted any illegal search, that the Officers used excessive force while handcuffing Plaintiff, that Plaintiff's statements to the Officers were compelled or coerced during an interrogation or while in custody, that Plaintiff was a prisoner, or that the Officers discriminated against Plaintiff. Defendants assert that the Officers are entitled to qualified immunity. Defendants further contend that Plaintiff fails to state a § 1983 claim against the City because Plaintiff fails to allege that the City had any policy that was the moving force behind any constitutional violation.

Plaintiff contends that "the SAC alleges sufficient facts" to state a claim against Defendants for violation of § 1983 and the Unruh Act. (ECF No. 47 at 2). Plaintiff contends that "the SAC demonstrates that Plaintiff[']s arrest was unlawful." (*Id.*). Plaintiff contends that Defendants are not entitled to qualified immunity.[2]

### A. 28 U.S.C. § 1983

To state a claim against an individual defendant under § 1983, a plaintiff must show "(1) that a person acting under color of state law committed the conduct at issue, and (2)

---

[2] Plaintiff asserts that Defendants' Motion to Dismiss "is improper and violates the Federal Rule[s] of Civil Procedure." (ECF No. 47-1 at 3). Plaintiff requests that the Court sanction Defendants under Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 47 at 3). The Court declines to consider Plaintiff's request for sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).").

that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988) (citations omitted). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Id.* at 633 (emphasis omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The plaintiff must link each defendant's actions or inactions with the plaintiff's claims by setting forth "specific facts as to each individual defendant's" actions. *Id.* at 634.

"To bring a § 1983 claim against a local government entity, a plaintiff must plead that a municipality's policy or custom caused a violation of the plaintiff's constitutional rights." *Ass'n for L.A. Deputy Sheriffs v. Cty. of Los Angeles*, 648 F.3d 986, 992-93 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1976)). The plaintiff must show "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

### 1. Fourth Amendment

The Fourth Amendment protects the people against "unreasonable searches and seizures." U.S. Const. amend. IV. Under the Fourth Amendment, a warrantless arrest is reasonable where the officer has probable cause to believe a crime has been or is being committed. *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause exists where "the facts and circumstances within [the officer's] knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). A warrant is not required to conduct "a search incident to a lawful arrest." *People v. Diaz*, 51 Cal. 4th 84, 90 (2011) (citations omitted), *abrogated in part by Riley v. California*, 573 U.S. 373 (2014); *see United States*

*v. Edwards*, 415 U.S. 800, 802-03 (1974) (explaining that the exception to the Fourth Amendment's warrant requirement for a search incident to lawful arrest "has traditionally been justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained").

The Fourth Amendment requires a police officer making an arrest to use only an amount of force that is objectively reasonable considering the circumstances. *See Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985). "It is well-established that overly tight handcuffing can constitute excessive force." *Wall v. City of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004). An excessive force claim based on overly tight handcuffing requires a plaintiff to show that he "either suffered damage to [his] wrists as a consequence of the handcuffs or [that] the plaintiff[ ] complained to the officers about the handcuffs being too tight," and the officers ignored the complaints. *Liiv v. City of Coeur D'Alene*, 130 Fed. App'x 848, 852 (9th Cir. 2005) (emphasis omitted); *see Wall*, 364 F.3d at 1112 (taking plaintiff's facts as true on a motion for summary judgment, finding that the officer used excessive force where the handcuffs were "extremely tight," plaintiff requested the officer loosen the handcuffs twice, and plaintiff suffered nerve damage to his wrist); *LaLonde v. Cty. of Riverside*, 204 F.3d 947, 952, 960 (9th Cir. 2000) (finding that an issue of fact existed as to excessive force claim where plaintiff presented evidence that he told the officers the handcuffs were too tight, plaintiff sought medical treatment for numbness in his hands, and plaintiff still experienced numbness months after the incident); *Palmer v. Sanderson*, 9 F.3d 1433, 1434-36 (9th Cir. 1993) (finding that an issue of fact existed as to excessive force claim where the officer "fastened [plaintiff's] handcuffs so tightly around his wrist that they caused [plaintiff] pain and left bruises that lasted for several weeks," and the officer "refuse[d] to loosen the handcuffs after [plaintiff] complained of the pain"); *see also Thompson v. Lake*, 607 Fed. App'x 624, 625 (9th Cir. 2015) (plaintiff is "not required to show that the handcuffs caused visible physical injury; it is enough that the handcuffs caused [plaintiff] unnecessary pain") (citations omitted)).

9

In this case, Plaintiff alleges that he was arrested for violating sections 273.5 and 245(a)(4) of the California Penal Code. Section 273.5 makes it a felony to "willfully inflict[ ] corporal injury resulting in a traumatic condition upon a victim described in subdivision (b)," including "the offender's cohabitant or former cohabitant." Cal. Pen. Code § 273.5(a), (b)(2). A "traumatic condition" means "a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury as a result of strangulation or suffocation, whether of a minor or serious nature, caused by a physical force." Cal. Pen. Code § 273.5(d). "Strangulation" and "suffocation" include "impeding the normal breathing or circulation of the blood of a person by applying pressure on the throat or neck." *Id.* Section 245(a)(4) makes it a crime to "commit[ ] an assault upon the person of another by any means of force likely to produce great bodily injury." Cal. Pen. Code § 245(a)(4). Plaintiff alleges that he placed his former girlfriend, Contreras, in an "Arm Bar." (ECF No. 39-1 ¶ 66). Plaintiff alleges that he made a "statement [to the Officers] that he put Contreras in an Arm Bar . . . ." (*Id.* ¶ 165). Plaintiff alleges that Contreras alleged that Plaintiff strangled her. Plaintiff alleges that he was "frisked, handcuffed, and detained." (*Id.* ¶ 21). Plaintiff alleges that Officer Dominguez double locked the handcuffs and checked for tightness. Plaintiff alleges that he "complained to Officer Dominguez [ ] about the handcuffs being too tight . . . ." (*Id.* ¶ 105). Plaintiff alleges that Officer Dominguez "ignor[ed] the complaints and demand to loosen the handcuffs." (*Id.*). Plaintiff alleges that he had "bruises on both of his wrists [that] lasted for several weeks." (*Id.* ¶ 106).

Taking Plaintiff's factual allegations as true, Plaintiff fails to allege facts sufficient to support an inference that the Officers lacked probable cause to arrest Plaintiff or conducted an unlawful search. *See People v. Covino*, 100 Cal. App. 3d 660, 667-68 (1980) (a trier of fact could conclude that choking is force likely to produce great bodily injury, even if the victim was not seriously injured). Plaintiff fails to allege facts sufficient to support an inference that Officer Martinez participated in the handcuffing or knew the handcuffs were tight. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding that either personal involvement or integral participation of the officer in the

10

18-cv-2525-WQH-MDD

alleged constitutional violation is required; liability may not be imposed based solely on an officer's presence during the incident). Plaintiff further fails to allege facts sufficient to support an inference that the City has any policy or custom that caused a violation of Plaintiff's constitutional rights. However, Plaintiff alleges facts sufficient to support an inference that Officer Dominguez used excessive force in handcuffing Plaintiff. *See Liiv*, 130 Fed. App'x at 852. The Court concludes that Plaintiff fails to state a claim against Officer Martinez or the City under § 1983 for violation of the Fourth Amendment. The Court concludes that Plaintiff sufficiently states a claim against Officer Dominguez under § 1983 for excessive force due to overly tight handcuffing under the Fourth Amendment.

"[A] holding that a claim for excessive force could be made . . . is not the end of our inquiry." *Ward v. Gates*, 52 F. App'x 341, 345 (9th Cir. 2002). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "An officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it,' . . . meaning that 'existing precedent . . . placed the statutory or constitutional question beyond debate.'" *City & Cty. of San Francisco. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (first and third alterations in original) (quoting *Ashcroft*, 563 U.S. at 741). "This exacting standard 'gives government officials breathing room to make reasonable but mistaken judgments' by 'protect[ing] all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (alteration in original) (quoting *Ashcroft*, 563 U.S. at 743). "[T]he salient question . . . is whether the state of the law at the time of an incident provided fair warning to the defendants that their alleged [conduct] was unconstitutional." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (alterations in original) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

In this case, the Court has determined that Plaintiff has plausibly alleged that Officer Dominguez violated Plaintiff's Fourth Amendment right to be free from the use of excessive force due to overly tight handcuffing. The Court of Appeals for the Ninth Circuit has recognized that overly tight handcuffing may constitute excessive force where the handcuffs caused demonstrable injury or unnecessary pain, or where officers ignored or refused requests to loosen the handcuffs once alerted that the handcuffs were too tight. *See Wall*, 364 F.3d at 1112; *LaLonde*, 204 F.3d at 952, 960; *Palmer*, 9 F.3d at 1434-36. At the time the incident occurred on June 26, 2018, Plaintiff's right to be free from excessive force in the form of overly tight handcuffing was clearly established. Taking Plaintiff's factual allegations as true, Plaintiff complained to Officer Dominguez that the handcuffs were tight, Officer Dominguez ignored the complaints, and Plaintiff suffered bruises on his wrists that lasted for several weeks. The Court cannot conclude that Officer Dominguez is entitled to qualified immunity at this stage in the litigation. *See Thompson*, 607 F. App'x at 625-26 (denying qualified immunity where tight handcuffs caused plaintiff pain and he requested the police loosen them); *Wall*, 364 F.3d at 1112 (the officer "violated a clearly established constitutional right to be free from excessive force" where the officer refused to loosen handcuffs at plaintiff's request, and plaintiff suffered nerve damage to his wrists); *Meredith v. Erath*, 342 F.3d 1057, 1063 (9th Cir. 2003) (denying qualified immunity where plaintiff was in overly tight handcuffs for thirty minutes, causing pain and bruising); *Palmer*, 9 F.3d at 1436 (denying qualified immunity where officers refused to loosen overly tight handcuffs and plaintiff suffered pain and bruising); *c.f. Ward v. Gates*, 52 F. App'x 341, 346 (9th Cir. 2002) (holding that the officers were entitled to qualified immunity where plaintiff committed a serious felony, "there was no indication that the officers were aware that the handcuffs were causing [plaintiff] pain," and plaintiff "was bruised for a couple of weeks, but not seriously injured").

## 2.  Fifth Amendment

The Self-Incrimination Clause of the Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const.

amend. V. When a person is questioned by the government, if a truthful answer might incriminate him in a future criminal proceeding, the Self-Incrimination Clause provides him with the privilege to refuse to answer. *See Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). Ordinarily, if the person does not assert the privilege and answers the question, his answer is considered voluntary, not "compelled." *Minnesota v. Murphy*, 465 U.S. 420, 429 (1984). The privilege against self-incrimination requires that a person be advised of certain rights when "in custody" and "subjected to interrogation." *Miranda*, 384 U.S. at 467-68 (1966).

In this case, Plaintiff alleges that he called 911. Plaintiff alleges that Officers Dominguez and Martinez arrived at Plaintiff's residence and took separate statements from Plaintiff and Contreras. Plaintiff alleges that the Officers asked Plaintiff, "[W]hat happened that night?" (ECF No. 39-1 ¶ 114). Plaintiff alleges that Officer Dominguez's "tone and posture" "led Plaintiff to believe that [Officer Dominguez] was friendly and was going to escort Contreras out of Plaintiff[']s residence." (*Id.* ¶ 117). Plaintiff alleges that he made a "statement that he put Contreras in an Arm Bar . . . ." (*Id.* ¶ 165). Plaintiff alleges that he was arrested, transported to a detention facility, and read his *Miranda* rights after his intake paperwork was complete. Taking Plaintiff's factual allegations as true, Plaintiff fails to allege facts sufficient to support an inference that Plaintiff's statement to the Officers was coerced rather than voluntary. Plaintiff fails to allege facts sufficient to support an inference that Plaintiff was in custody or being interrogated when he told the Officers that he put Contreras in an arm bar. The Court concludes that Plaintiff fails to state a § 1983 claim for violation of the Fifth Amendment.

### 3.   Eighth Amendment

A § 1983 claim based on a violation of the Eighth Amendment may be brought only by a prisoner. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime."). At the time of the alleged actions that form the basis of Plaintiff's § 1983 claim, Plaintiff had not been convicted of a crime and was not a prisoner. The Court concludes that Plaintiff fails to state a § 1983 claim for violation of the Eighth Amendment.

13

4.   Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a claim for a due process violation, the plaintiff must allege that the defendant acted with deliberate indifference to the plaintiff's constitutional rights. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). A government actor may be liable under the Due Process Clause for continuing to detain a detainee after he is entitled to release. *See Lee*, 250 F.3d at 683-84. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In this case, Plaintiff alleges that the Officers "detained Plaintiff for an unreasonable amount of time." (ECF No. 39-1 ¶ 72). Plaintiff alleges that he is Native American.[3] Plaintiff alleges that he suffers from the following "disabilities:" "American, Male, disabled veteran, single parent, under the age of 40, Homeowner in Otay Ranch, California." (*Id.* ¶ 257). Plaintiff alleges that Officer Dominguez has "ill-will toward copper colored individuals." (*Id.* ¶ 110). Plaintiff alleges that "not only was his race a motivating factor for the arrest," but Plaintiff's "creed, color, gender, disability and national origin played a significant role," because Officer Dominguez "wasn't going to permit a disabled man to place another person in an Arm Bar, regardless of Plaintiff's right to use Self-Defense." (*Id.* ¶ 78). Plaintiff alleges that Contreras was not arrested and was given domestic violence resources, even though she was the initial aggressor. Taking

[3] In the FAC, Plaintiff alleged that he is African American.

14

Plaintiff's factual allegations as true, Plaintiff fails to allege facts sufficient to support an inference that Plaintiff was detained for longer than necessary after he was entitled to release and that the Officers acted with deliberate indifference to Plaintiff's constitutional rights. *See Lee*, 250 F.3d at 683-84. Plaintiff fails to allege facts sufficient to support an inference that either Officer acted with an intent or purpose to discriminate against Plaintiff based on his membership in any protected class. The Court concludes that Plaintiff fails to state a § 1983 claim for violation of the Fourteenth Amendment.

### B. Unruh Act

The Unruh Act provides:

> All persons within the jurisdiction of [California] are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). The Unruh Act creates a private right of action against anyone who "denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51." Cal. Civ. Code § 52(a). To prevail on an Unruh Act claim, a plaintiff must "prove *intentional* discrimination." *Cohn v. Corinthian Colls., Inc.*, 169 Cal. App. 4th 523, 526 (2008).

The Court has concluded that Plaintiff's allegations that Officers Dominguez and Martinez discriminated against Plaintiff are conclusory. The Court concludes that Plaintiff fails to state a claim for violation of the Unruh Act.

The claim against Officer Martinez and the City for violation of § 1983 and the Unruh Act is dismissed. The claim against Officer Dominguez for violation of § 1983 and the Unruh Act is dismissed except to the extent that Plaintiff alleges a claim against Officer Dominguez under § 1983 for violation of Plaintiff's Fourth Amendment right to be free from excessive force due to overly tight handcuffing.

///

## VII.   SECOND AND FOURTH CAUSES OF ACTION - FALSE IMPRISONMENT

Plaintiff brings the second and fourth causes of action against all Defendants for false imprisonment. Defendants contend that Plaintiff fails to state a false imprisonment claim because Plaintiff was lawfully arrested. Plaintiff contends that he sufficiently states a claim for false imprisonment because his arrest was unlawful.

To state a claim for false imprisonment under California law, a plaintiff must show: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000) (citing *City of Newport Beach v. Sasse*, 9 Cal. App. 3d 803, 810 (1970)). "[F]alse arrest is [ ] one way of committing false imprisonment." *Watts v. Cty. of Sacramento*, 256 F.3d 886, 891 (9th Cir. 2001) (citation omitted). "A cause of action for false imprisonment based on unlawful arrest will lie where there was an arrest without process followed by imprisonment." *Id.* (citing *Sasse*, 9 Cal. App. 3d 803; *Dragna v. White*, 45 Cal. 2d 469 (1955)). A police officer who makes an arrest without a warrant and without justification may be liable for false imprisonment. *See Miller v. Glass*, 44 Cal. 2d 359, 361 (1955).

In this case, Plaintiff's false imprisonment claims are premised on the same facts as Plaintiff's claim for unlawful arrest under the Fourth Amendment. The Court has concluded that Plaintiff fails to state facts sufficient to support an inference that the Officers lacked probable cause to arrest Plaintiff. Plaintiff fails to allege facts sufficient to support an inference that his confinement was without lawful privilege. *See Easton*, 80 Cal. App. 4th at 496. The Court concludes that Plaintiff fails to state a claim false imprisonment. The false imprisonment claims are dismissed.

## VIII.  THIRD, SIXTH, SEVENTH, AND NINTH CAUSES OF ACTION - NEGLIGENCE

Plaintiff brings claims against all Defendants for negligence; negligent training, directing, supervising, managing, and controlling; and negligent infliction of emotional distress. Defendants contend that Plaintiff fails to state facts that support an inference that

the Officers were negligent. Defendants contend that the Officers acted reasonably when apprehending Plaintiff. Defendants contend that Plaintiff fails to identify a statutory basis for a negligence claim against the City. Plaintiff contends that he plausibly states a negligence claim.

To state a claim for negligence, a plaintiff must show that 1) defendants owed a duty of care; 2) defendants breached that duty; and 3) the breach was a substantial factor in causing plaintiff harm. *See Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996). In California, there is no separate tort for negligent infliction of emotional distress. The regular rules of negligence apply. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984-85 (1993). Negligence in training, hiring, and supervision is also analyzed under the general negligence standard. *See Montague v. AMN Healthcare, Inc.*, 223 Cal. App. 4th 1515, 1524 (2014), *as modified* (June 11, 2014). Police officers have a "duty to use reasonable care in apprehending a suspect." *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1101 (2004), *disapproved of on other grounds by Hayes v. Cty. of San Diego*, 57 Cal. 4th 622 (2013). Police officers owe "a duty to use reasonable care" in deciding whether to use and in fact using force. *Id.* If a police officer fails to meet this duty, he or she may be held liable for negligence. *See id.* The duty to use reasonable care under California law is broader than the reasonableness standard under the Fourth Amendment. *See Hayes*, 57 Cal. 4th at 639.

Tort liability against the City "is dependent on the existence of an authorizing statute or 'enactment.'" *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal. App. 3d 792, 802 (1986) (citations omitted). Section 815(a) of the California Government Code provides that, "[e]xcept as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a); *see Cowing v. City of Torrance*, 60 Cal. App. 3d 757, 761 (1976) ("There is no common law governmental tort liability in California; and except as otherwise provided by statute, there is no liability on the part of a public entity for any act or omission of itself, a public employee, or any other person.").

17

"Since the duty of a governmental agency can only be created by statute or 'enactment,' the statute or 'enactment' claimed to establish the duty must at the very least be identified" in the complaint. *Searcy*, 177 Cal. App. 3d at 802.

In this case, Plaintiff's negligence claim against the Officers is premised on the same facts as the § 1983 claim. Taking Plaintiff's factual allegations as true, Plaintiffs fails to state facts sufficient to support an inference that any of Officer Martinez's actions were unreasonable. The Court concludes that Plaintiff fails to state a negligence claim against Officer Martinez. The Court has concluded that Plaintiff sufficiently states a claim against Officer Dominguez for excessive force due to overly tight handcuffing under the "more narrow[ ]" Fourth Amendment reasonableness standard. *Hayes*, 57 Cal. 4th at 639. Accordingly, the Court concludes that Plaintiff sufficiently states a negligence claim against Officer Dominguez.

Plaintiff's negligence claim against the City alleges direct and vicarious liability. Plaintiff alleges that the Officers were improperly trained on identifying the dominant aggressor, handcuffing, and *Miranda* warnings. Plaintiff alleges that the City is vicariously liable for the Officers' negligence. Plaintiff identifies section 815.2, 815.6, 820(a), and 844.6(d) of the California Government Code and sections 11116.6 and 11117 of the California Penal Code as the statutory bases for the claim against the City. None of the statutes identified by Plaintiff provide a basis for direct negligence liability against the City. However, section 815.2 of the California Government Code "makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment." *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1180 (2003). "Since the enactment of the California Tort Claims Act in 1963 (§ 810 et seq.), a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct." *Mary M v. City of Los Angeles,* 54 Cal. 3d 202, 215 (1991). For the doctrine of respondeat superior to apply, the employee's tortious conduct must be committed "within the scope of employment." *Id.* at 209. The Court has determined that Plaintiff has sufficiently stated a negligence claim

against Officer Dominguez. Plaintiff alleges that Officer Dominguez's actions were committed during Plaintiff's arrest, within the scope of Officer Dominguez's employment as a CVPD Officer. Taking Plaintiff's factual allegations as true, Plaintiff sufficiently states a negligence claim against the City under section 815.2.

The negligence claims against Officer Martinez are dismissed. The sixth, seventh, and ninth causes of action for negligence against Officer Dominguez and the City are dismissed as duplicative of the third cause of action for negligence.

## IX. FIFTH CAUSE OF ACTION - ASSAULT AND BATTERY

Plaintiff brings the fifth cause of action against all Defendants for assault and battery. Defendants contend that Plaintiff fails to state a claim against the Officers for assault and battery. Defendants contend that Plaintiff fails to state facts sufficient to support an inference that either Officer used unreasonable force. Defendants contend that Plaintiff fails to identify a statutory basis for an assault and battery claim against the City. Plaintiff contends that he sufficiently states a claim for assault and battery.

To establish a claim of battery against a police officer, the plaintiff must show that 1) the officer intentionally touched the plaintiff; 2) the officer used unreasonable force; 3) the plaintiff did not consent to that use of force; 4) the plaintiff was harmed; and 5) the use of unreasonable force was a substantial factor in causing the plaintiff's harm. *See* California Civil Jury Instructions (2017) ("CACI") No. 1305; *see also Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998) (holding that where a police officer is a defendant, a plaintiff must prove unreasonable force as an additional element of a traditional battery claim).

To establish a claim of assault the plaintiff must show:

(1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm.

18-cv-2525-WQH-MDD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*So v. Shin*, 212 Cal. App. 4th 652, 668-69 (2013) (citing CACI No. 1301). The use of unreasonable force is an additional element of an assault claim against a police officer. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (holding that district court properly granted summary judgment on assault claim where plaintiff failed to show officers used unreasonable force); *see also Pryor v. City of Clearlake*, 877 F. Supp. 2d 929, 953 (N.D. Cal. 2012) (the plaintiff must show the defendant "threatened him with the use of unreasonable force").

In this case, Plaintiff's assault and battery claim is premised on the same facts as the § 1983 claim. The Court has concluded that Plaintiff sufficiently states an excessive force claim against Officer Dominguez based on overly tight handcuffing. Accordingly, the Court concludes that Plaintiff sufficiently states an assault and battery claim against Officer Dominguez based on overly tight handcuffing. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (1998) ("A peace officer who uses unreasonable or excessive force in making a lawful arrest or detention commits a battery upon the person being arrested or detained as to such excessive force."). Plaintiff fails to state facts sufficient to support an inference that Officer Martinez used unreasonable force or threatened Plaintiff with the use of unreasonable force. Plaintiff fails to identify a statutory basis for the claim against the City as required by section 815(a). The Court concludes that Plaintiff fails to state a claim for assault or battery against Officer Martinez and the City. The assault and battery claim against Officer Martinez and the City is dismissed.

## X.   EIGHTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff brings the eighth cause of action against all Defendants for intentional infliction of emotional distress. Defendants contend that that Plaintiff fails to state facts that rise to the level of outrageous conduct. Plaintiff contends that he plausibly states a claim for intentional infliction of emotional distress.

To establish a claim for intentional infliction of emotional distress, a plaintiff must show:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (citation omitted). A defendant's conduct is "outrageous" when it is "so extreme as to exceed all abounds of that usually tolerated in a civilized community." *Id.*

In this case, Plaintiff alleges that Officer Martinez placed his hand on his cartridge holder, and the Officers detained Plaintiff even though he was the "reporting party." (ECF No. 39-1 ¶ 66). Plaintiff alleges that the Officers used an unreasonable amount of force in handcuffing Plaintiff. Plaintiff alleges that as a result of the Officers' actions, Plaintiff suffered bruises on his wrists, aggravation of his PTSD and hypertension, and unwelcome distress. Taking Plaintiffs' allegations as true, Plaintiff fails to allege facts sufficient to support an inference that any Defendant's conduct was "so extreme as to exceed all abounds of that usually tolerated in a civilized community." *Id.* The Court concludes that Plaintiff fails to state a claim for intentional infliction of emotional distress. The intentional infliction of emotional distress claim is dismissed. *See Percival v. Cty. of Alameda*, No. 17-cv-04065-WHO, 2017 U.S. Dist. LEXIS 169927, at *18 (N.D. Cal. Oct. 13, 2017) (actions such as grabbing, pushing, and repeatedly showing pepper spray are not extreme and outrageous but are "reasonable in the commission of the duty to make arrests where probable cause exists").

## XI.  TENTH CAUSE OF ACTION - DEFAMATION/SLANDER/LIBEL

Plaintiff brings the tenth cause of action against all Defendants for defamation, slander, and libel. Defendants contend that they are not liable for defamation because police reports are privileged communications under section 47 of the California Civil Code. Defendants contend that Plaintiff fails to allege facts sufficient to support an inference that

the police report is unprivileged and false and that Defendants published the report. Plaintiff contends that he plausibly states a claim for defamation, slander, and libel.

"The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). Defamation is effected by either libel or slander. *See* Cal. Civ. Code § 44. Libel is a "false and unprivileged *writing* . . . or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45 (emphasis added). Slander is a false, unprivileged *oral* publication. *See* Cal. Civ. Code § 46.

In this case, Plaintiff alleges that Defendants are liable for defamation based on the police report, which contains false statements and caused Plaintiff to lose a job opportunity. A police report is a privileged communication under section 47 of the California Civil Code. *See* Cal. Civ. Code § 47(a) (barring tort actions for a publication that is made "[i]n the proper discharge of an official duty"); subdivision(b) (barring a tort actions for communications made in a "proceeding authorized by law"); *see also Nash v. Lewis*, 365 Fed. App'x 48, 53 (9th Cir. 2010) (holding that "[p]reparation of a police report is an official duty of a police officer"). Taking Plaintiff's factual allegations as true, Plaintiff fails to state facts sufficient to support an inference that Defendants "published" an "unprivileged" false statement. *Taus*, 40 Cal. 4th at 720. The Court concludes that Plaintiff fails to state a claim for defamation. Plaintiff's defamation claim is dismissed.

## XII.   ELEVENTH CAUSE OF ACTION - INTENTIONAL DISCRIMINATION

Plaintiff brings the eleventh cause of action against all Defendants for intentional discrimination in violation of the Unruh Act; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a); and 42 U.S.C. § 1981. Defendants contend that that "Title VII . . . applies in employment relationships, which is not the case at bar." (ECF No. 46-1 at 20). Defendants contend that 42 U.S.C. § 1981 "applies only in situations where there is discrimination in the making and enforcing of contracts." (*Id.*). Defendants contend that

Plaintiff fails to state facts sufficient to support an inference that Defendants acted with an intent or purpose to discriminate against Plaintiff based upon a protected classification. Plaintiff contends that he Plaintiff contends that he plausibly states a claim for intentional discrimination.

"Title VII prohibits discrimination in employment on the grounds of 'race, color, religion, sex, or national origin.'" *EEOC v. Peabody W. Coal Co.*, 773 F.3d 977, 983-84 (9th Cir. 2014) (quoting 42 U.S.C. § 2000e-2(a)). 42 U.S.C. § 1981 "prohibits racial discrimination in the making and enforcement of contracts . . . ." *Rivers v. Roadway Express*, 511 U.S. 298, 302 (1994). Plaintiff does not allege that he was discriminated against in his employment or in the making or enforcement of any contract. The Court concludes that Plaintiff fails to state a claim for violation of Title VII or § 1981. The Court has concluded that Plaintiff fails to state a claim for violation of the Unruh Act. The intentional discrimination claim is dismissed.

## XIII. TWELFTH CAUSE OF ACTION - FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT

Plaintiff brings the twelfth cause of action against all Defendants for failure to prevent discrimination and harassment in violation of section 12940(k) of the California Government Code. Defendants contend that section 12940(k) makes it unlawful for employers to prevent discrimination and harassment, and Plaintiff is not employed by Defendants. Plaintiff contends that plausibly states a claim for failure to prevent discrimination and harassment.

Section 12940 of the California Government Code prohibits employment discrimination and makes it unlawful "[f]or an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code § 12940(k). Plaintiff does not allege that he had any employment relationship with Defendants. The Court concludes that Plaintiff fails to state

a claim for violation of section 12940(k). The claim for failure to prevent discrimination and harassment is dismissed.

## XIV. THIRTEENTH CAUSE OF ACTION - SELECTIVE AND VINDICTIVE CRIMINAL PROCESSING

Plaintiff brings the thirteenth cause of action against all Defendants for selective and vindictive criminal processing. Defendants contend that the claim is conclusory, devoid of any statutory basis, and mirrors the discriminations claims. Plaintiff contends that he plausibly states a claim for selective and vindictive criminal processing.

Selective prosecution occurs when a plaintiff demonstrates that "others are generally not prosecuted for the same conduct," and "[t]he decision to prosecute this defendant was based upon impermissible grounds such as race, religion or the exercise of constitutional rights." *United States v. Wilson*, 639 F.2d 500, 503 (9th Cir. 1981). "Vindictive prosecution arises only where the government increases the severity of alleged charges in response to a defendant's exercise of constitutional rights." *Id.* at 502. "Little substantive difference can be detected between selective prosecution and vindictive prosecution." *Id.*

In this case, Plaintiff was never charged with a crime or prosecuted. The Court concludes that Plaintiff fails to state a claim for selective and vindictive criminal processing. The claim for selective and vindictive criminal processing is dismissed.

## XV. STRIKE

Defendants request that the Court strike Plaintiff's request for punitive damages and numerous paragraphs of the SAC. Defendants contend that Plaintiff's request for punitive damages is impertinent and scandalous under Rule 12(f) of the Federal Rules of Civil Procedure because Plaintiff fails to allege facts that Defendants' conduct rises to reckless or callous indifference to Plaintiff's rights. Defendants contend that the Court should strike paragraphs 19-20, 22-24, 31-33, 36, 39, 44, 45, 48, 49, 51, 57, 67, 77, 85, 89, 92, 99, 111, 116, 119, 123, 124, 127, 130, 159, 167, 191, 192, 216, 217, 241, 245, 280-283, and IV(a) of the conclusion because the paragraphs are not factual allegations, relate to the conduct

of non-party Contreras, relate to Defendants' previous motions to dismiss, or seek unsupported damages.

Under Rule 12(f) of the Federal Rule of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant" matter is needlessly repetitive. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Immaterial" matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711. Scandalous matter "cast[s] a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Motions to strike are generally disfavored. *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014). Motions to strike should only be granted when it is "clear that [the allegations] can have no possible bearing on the subject matter of the litigation." *Ill. Nat'l Ins. Co. v. Nordic PCL Constr., Inc.*, 870 F. Supp. 2d 1015, 1039 (D. Haw. 2012).

"Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010), *as corrected* (Aug. 26, 2010). Rule 12(f) is "neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Id.* (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977)). Defendants' request that the Court strike Plaintiffs' request for punitive damages is denied.

Paragraphs 19-20, 22-24, 31-33, 36, 39, 44, 45, 48, 49, 51, 57, 67, 89, 92, 99, 111, 116, 119, 123, 124, 191, 192, and 241 of the SAC allege facts and legal theories related to the incident leading to Plaintiff's arrest, the conduct of the Officers, and City policies. The Court cannot conclude that these allegations have no possible bearing on any of Plaintiff's

claims. *See Ill. Nat'l Ins. Co.*, 870 F. Supp. 2d at 1039. Paragraphs 130, 216, 217, and 280-83 fall within causes of action that have been dismissed. Defendants' request that the Court strike paragraphs 19-20, 22-24, 31-33, 36, 39, 44, 45, 48, 49, 51, 57, 67, 85, 89, 92, 99, 111, 116, 119, 123, 124, 130, 191, 192, 216, 217, 241, and 280-283 is denied.

Paragraphs 77, 127, 159, 167, 245, and IV(a) of the conclusion of the SAC include allegations that the Court erred in ruling on Defendants' previous Motion to Dismiss and arguments relating to the current Motion to Dismiss. These allegations are irrelevant and impertinent under Rule 12(f). Defendants' request that the Court strike paragraphs 77, 127, 159, 167, 245, and IV(a) of the conclusion is granted.

Defendants further object to and request that the Court strike letters, emails, pictures, and medical records that Plaintiff attaches to the SAC as Exhibits 3, 4, 6, 8, and 9. (ECF No. 46-3). Defendants contend that Plaintiff "offers no legal authority that the documents [are] proper to attach to a pleading or that the document[s] [are] relevant . . . ." (*Id.* at 2). Defendants contend that Plaintiff fails to authenticate the documents, and the documents contain inadmissible hearsay. However, in considering evidence on a motion to dismiss, the court looks not at whether the evidence is currently presented in an admissible form, but instead whether it "could be presented in an admissible form at trial." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (citations omitted). Defendants fail to articulate why the content of the exhibits could not be properly authenticated and admitted at trial. Defendants have not met their burden to demonstrate that the Court should strike the exhibits at this stage in the litigation. Defendants' request that the Court strike Exhibits 3, 4, 6, 8, and 9 is denied.

## XVI. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative to Strike Portions Thereof (ECF No. 46) is granted in part and denied in part. The Motion to Dismiss is denied as to 1) the first cause of action under § 1983 against Officer Dominguez based on excessive force due to overly tight handcuffing; 2) the third cause of action for negligence against Officer Dominguez

based on unreasonable force due to overly tight handcuffing and against the City based on vicarious liability; 3) the fifth cause of action for assault and battery against Officer Dominguez based on unreasonable force due to overly tight handcuffing; and 4) the requests to strike paragraphs 19-20, 22-24, 31-33, 36, 39, 44, 45, 48, 49, 51, 57, 67, 85, 89, 92, 99, 111, 116, 119, 123, 124, 130, 191, 192, 216, 217, 241, and 280-283 and Exhibits 3, 4, 6, 8, and 9 to the SAC; and is otherwise granted.

No later than thirty (30) days from the date of this Order, Plaintiff may file any motion for leave to amend pursuant to Civil Local Rules 7.1 and 15.1(c).

Dated:  September 28, 2020

Hon. William Q. Hayes
United States District Court